## Kate Adam, wife of Abraham Adam, in the right of said Kate, *v.* Elizabeth Moll, Appellant.

*Practice, C. P.—Amendment to statement, the cause of action being the same.*

Plaintiff properly is allowed to amend his statement where the foundation of the action remains the same.

In the case at bar, being trespass for wrongful diversion of waters, the amendment was properly allowed; the water affected was the same; the means employed to effect the diversion are set out with more particularity in the first than in the second; the fact of the diverting and obstructing remained the same in each; the use of the supply of water is the same; and the alleged injury the same.

*Waters and water courses—Obstruction and diversion—Prescription.*

Where the obstruction of a water course is complained of, instructions to the jury are proper to the effect that if the natural flow of a water course had remained as alleged for twenty-one years then the plaintiff's right to the water became absolute. The testimony being contradictory as to the responsibility of defendant for the alleged diversion it was properly left to the jury, with directions to reconcile it if they could, and if not to determine on which side the truth lay.

Argued Nov. 9, 1897.   Appeal, No. 162, Nov. T., 1896, by defendant, from judgment of C. P. Berks Co., Sept T., 1891, No. 54, on verdict for plaintiff.   Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Trespass for obstruction of water course.   Before ERMENTROUT, P. J.

It appears from the evidence that the defendant and the plaintiff owned property on opposite sides of a public road. The defendant alleged that plaintiff diverted the water flowing

from springs located on defendant's land so as to change the point of discharge upon the land of the plaintiff. It was alleged by the plaintiff that the water was diverted from its natural course by a ditch dug by defendant's son. The testimony was conflicting as to what exactly was done by the son and also as to whether it was done with knowledge and consent of defendant herself.

Verdict and judgment for plaintiff for $1.00 and costs. Defendant appealed.

*Errors assigned* among others were (1) In overruling defendant's motion to strike out amended narr, as follows : " Mr. Stevens : Before the jury is sworn in this case the defendant asks the court to strike out the amended narr." Errors were assigned to the charge of the court commenting on the evidence, and especially, (5) In charging the jury as follows : " There was some testimony on the part of the plaintiff that her first experience in not having the use of this water was after Orlando dug that ditch, or, rather, five years ago. This is the language : ' Q. Was the water pretty regular there prior to five years ago? A. Always ; that is the way it was up to five years ago ; there was always water there. Q. How is it now ? A. Now it is gone ; there is none there.' She says the ditch was dug about five years ago. She says that she went to the old lady and complained about this thing, and that the old lady declined to do anything to give her relief. That evidence is submitted to the jury to find whether or not the old lady, the defendant, ratified, approved, assented to the act of Orlando in digging that trench. If the jury find from that evidence that the act of Orlando was ratified, approved and assented to by her, then she would be responsible, otherwise not." (7) In charging the jury as follows : " I have tried to make myself understood in this case. I have called the attention of the jury to the important points in the case. I will sum them up again. Did this stream flow so that water was delivered upon the land of the plaintiff ? Did the defendant prevent that water from being delivered at the exact point at which it was accustomed to be delivered ? If the defendant diverted it, and she failed to deliver that water back at that point, the plaintiff can recover ; otherwise not. As to the damages, $1.00 and costs

will be just as effective as anything else. We always tell the
jury in cases of this kind to find simply nominal damages."

*Wm. Kerper Stevens*, with him *Ira P. Rothermel*, for appellant.

*John F. Smith*, for appellee.

OPINION BY ORLADY, J., January 18, 1898:

The plaintiff and defendant are owners of adjoining properties
which are separated by a public road, and so related by the nat-
ural conformation of the ground that the water rising and
accumulating on the land of the defendant naturally flows across
the public road onto the land owned by the plaintiff. This
action was brought to recover damages alleged to be sustained
by the plaintiff for the wrongful diversion of the water, which
wholly deprived her of its use for necessary domestic and irri-
gating purposes. The original statement was amended by leave
of court under objection which alleged that a new cause of action
was thus introduced. An examination of the two statements
satisfies us that there was no error in permitting the amendment,
as the foundation of the action is the same in each; the water
affected is the same; the description of the watercourse the
same; the means employed to effect the diversion are set out
with more particularity in the first than in the second; the fact
of obstructing and diverting is unchanged; the use of the sup-
ply of water the same; and the alleged injury the same. The
first assignment of error is not sustained.

The point submitted by the plaintiff embraced the material
facts urged by the plaintiff, "If the jury find from the evidence
that the stream of water in contention in this suit, flowed over
the lands of the defendant in a defined ditch or channel along
the ledge of the hill in the defendant's meadow onto the pub-
lic highway and thence across the public highway and onto the
plaintiff's land for a period of twenty-one years and upwards
prior to March, 1891, then the plaintiff's right to have the water
discharged at this point became absolute" and warranted affirm-
ance by the court. The disputed question of fact was limited
to one item,—was the defendant responsible for the diversion
of the water? The jury was told "The testimony upon that
point is somewhat contradictory, it is for the jury to reconcile

all the facts, it is for the court to say what the law is, not to pass upon the facts. You will look at every bit of evidence in the case and reconcile it if you can. If you cannot reconcile it, then you must make up your minds which is to be believed and act accordingly. Now, what is the alleged diversion? The alleged diversion is that a ditch was dug connecting the stream in such a manner as to change its course and take it down to a certain stone culvert through which it was discharged onto the land of the plaintiff. Who created that diversion if such was created? If the jury find from the evidence that the act of the son was ratified, approved and assented to by her then she would be responsible; otherwise not."

The facts were left entirely to the jury and the citation from the testimony of the defendant's witnesses was fairly made by the court. We fail to find anything in this record sufficient to warrant a reversal. The assignments of error are overruled and the judgment is affirmed.