# Laura V. Mintzer v. William Greenough and Catherine L. Hogg, trustees of William Hogg, Jr., Appellants.

*Road law—Highways—" Reasonable watchfulness "—Negligence — Contributory negligence—What verdict establishes.*

A person walking along a highway is required to exercise a reasonable watchfulness over his feet; and in an action for damages for injuries received while walking on defendant's defective sidewalk, if the jury are instructed that unless plaintiff complied with that requirement, she cannot recover, a verdict in her favor necessarily implies a finding by the jury that she did exercise such " reasonable watchfulness."

*Streets—Sidewalks—Property owners—Repairs.*

It is the duty of property owners on a street to keep in proper repairs the sidewalk along their respective residences, and if they fail to do so they will be liable for any injuries resulting therefrom.

*Streets—Sidewalks—Repairs—Property owners—Tenants.*

An owner of property in the actual possession of a tenant is liable for injuries caused by defects in the sidewalk on the public streets, along his property, even though he had no notice to repair the same.

*Negligence—Contributory negligence—Question for jury.*

In an action for damages for injuries resulting from a defective sidewalk along defendant's property, the question as to whether the defects were patent, the street obstructed, or dark, or light, were for the jury.

*Negligence—Trespass—Inspection of locus in quo by jury—Discretion of trial court—Practice, C. P.*

In an action of trespass for injuries caused by a dilapidated pavement the question as to whether the jury should be taken to the place in question to inspect the pavement is in the sound discretion of the trial court, and the appellate court will not reverse unless it be shown that this discretion was improperly exercised.

Argued March 23, 1899. Appeal, No. 416, Jan. T., 1898, by defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 1004, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

192   137
198   566

192       137
19 SC  177

192       137
212     394

192       137
e  33 SC  249

192   137
225   471

Trespass for personal injuries.    Before FINLETTER, P. J.

This action was brought by Laura V. Mintzer against the trustees under the will of William Hogg, Jr., for personal injuries received by stepping into a hole in the sidewalk on the southern side of East York street near Jaspar street.    Five trustees are appointed by the will, and are named in the summons; one of them is dead and two are nonresidents.    The summons was served on only two of the trustees.

The plaintiff's evidence tended to show that on the evening of October 3, 1896, she came from a point beyond Jaspar street, which she crossed, and stepped into a hole in front of No. 1904, which was more than two feet long by more than a foot and a half wide and nearly a foot deep.    She excused her failure to see the hole by the statement that the electric light was very poor.    The house had been rented to a Mrs. Kress, about the previous Easter, and it was alleged by plaintiff that there were at the time some loose bricks in the pavement, and sweeping and cleaning by the tenants had enlarged the hole.    It was repaired immediately after the accident, and it was alleged that the new bricks used in the repair still showed.

[The court was asked to allow the jury to view the place that they might see for themselves where the patching had been done; but the request was refused, and defendants excepted to the refusal.] [2]

It was admitted that testator had died seized of the property and that defendants, who were before the court, together with William and James Hogg, residents of Worcester, Mass., were trustees under his will, and as such have a legal title to the property.    It was not shown that any of the defendants or any of their agents or subagents knew or had notice of the defect.

The court charged in part as follows:

This action is brought to recover damages arising from an injury which plaintiff suffered in consequence of the negligence of the defendants.    There are two questions to be determined by the jury.    First, were the defendants negligent; and, secondly, was the plaintiff negligent in such a way as contributed to the injury?    No matter how negligent the defendants may have been, if the plaintiff in any degree contributed to the accident she cannot recover.

[It was the duty of the defendants to keep their pavement in reasonably good repair.] [1]   It was the duty of the plaintiff to exercise reasonable watchfulness under all the circumstances of the case.   The questions which the jury are to consider are, first of all, was the brick pavement out of repair; that is to say, were the bricks removed and was there a hole created by the removal of the bricks, or any other matter, touching the want of repair.   You will understand that property owners are not responsible for the ordinary unevenness of a brick pavement, but only when the pavement itself is out of repair, or, in other words, when portions of a brick pavement are removed, or when there exists such a condition as is complained of here.

Again, if you find that the brick pavement was out of repair, you will determine from the evidence whether it was dangerous or not.  You will also determine from the evidence whether the want of repair in the pavement caused the injury complained of by the plaintiff.   In this connection it is important for you to consider what knowledge the plaintiff had of the pavement itself—its condition, and its surroundings, and the general locality or neighborhood.

If you are satisfied from all the evidence in this case—and I mean the evidence of the defendants as well as for the plaintiff —that the defendants were negligent, then the question arises, was the plaintiff herself negligent?   In considering this question the jury will consider, first, her knowledge of the locality, of the pavement itself, and of the hole, and its want of repair. Again, the jury are to take into consideration a very important thing, and that is the time—whether it was daylight or night, or whether there was sufficient light, or what quantity of light was thrown upon the hole itself by the reflection of light in and about the place.   Again, the jury will take into consideration all the difficulties and circumstances which might have entered into a consideration of the safety or danger of crossing that pavement, in the plaintiff's mind, such as the darkness of the night, and the obscurity of the light, and all the attendant circumstances.   In this connection I have also to say that the greater the difficulty of seeing clearly, renders the greater care on her part.   The wayfarer is bound to consider the difficulties of seeing clearly, as he passes along, just as in ordinary circum-

stances he will consider any question which involves his safety. In this connection it is my duty to say to you that the plaintiff was not bound to exercise extraordinary care. She had a right to assume that the pavement was reasonably safe, and that by the ordinary use of her eyes she could safely walk upon it. Care, under all the circumstances, is all that the law enjoined upon her to exercise.

Defendants' points and the answers thereto were as follows:

1. If the accident for which this suit is brought occurred by reason of the defect (described in the evidence) in the sidewalk of the public highway in front of a house occupied by a tenant, the landlords of the house are not liable therefor to the plaintiff. *Answer:* Refused. [3]

2. An owner out of possession, whose house is in the actual occupation of a tenant, is not required to keep a constant supervision of such house and of the highway in front of it; and if a defect occurs in the sidewalk during such occupation by a tenant, by reason of which a person walking on the street is injured, the landlord is not liable to the person injured, unless knowledge or notice of such defect is traced to him. *Answer:* Refused. [4]

3. An owner out of possession, whose house is in the actual occupation of a tenant, is not liable for an accident from a defect in the sidewalk arising during the occupation by the tenant unless he have formal notice from the city to repair the defect. *Answer:* Refused. [5]

5. If the jury believe that the hole in which the plaintiff claims to have fallen was in front of property 1902 York street, under the pleadings and evidence the plaintiff cannot recover. *Answer:* Refused. [6]

6. The defendants, being merely trustees of a legal title, are not responsible in the first instance to plaintiff for her injury from an accident occurring by reason of a defect in the public highway unconnected with the building, no notice having been given them to repair. The responsibility in the first instance is on the city of Philadelphia. *Answer:* Refused. [7]

7. The evidence on behalf of plaintiff showing that at the time 1904 was leased to the tenant in possession at the time of the accident, the defect in the highway was a very minor one, and the hole having been rendered dangerous by sweeping dirt

out of it, making it deeper and loosening the bricks, the responsibility is upon the tenant and not upon the trustees defendant. *Answer:* Refused. [8]

8. It appearing in plaintiff's evidence, if believed, that the defect was an obvious one; that it was near an electric light, and that the sidewalk was not obstructed, she is guilty of contributory negligence, and the verdict should be for the defendants. *Answer:* Refused. [9]

9. Under all the evidence the verdict should be for the defendants. *Answer:* Refused. [10]

Verdict for plaintiff for $7,500 upon which judgment was entered for $4,000, a remittitur having been filed for $3,500.

*Errors assigned* were (1, 3–10) above instructions, quoting them; (2) refusal of the trial court to permit the jury to view the premises.

The appellee moved to quash the appeal filing the following reasons :

1. The record shows that no bill of exceptions was ever signed, sealed, presented to, or allowed by any of the judges of the court below.

2. The record shows that the stenographer's notes of the testimony, charge, and answers to points filed by appellants have not been settled or approved, either by agreement of counsel or by the trial judge.

3. The stenographer's notes of trial fail to disclose any request made by appellants to the trial judge to reduce to writing and file of record his charge, or his answers to points, or that any exceptions to said charge and answers to points were allowed by the trial judge, nor is there any certification of the trial judge that such request was made.

4. The affidavit by appellants' counsel and certification by a judge who did not try the case as to the correctness of the notes of trial, and as to alleged requests to the trial judge not appearing of record, both made without notice to appellee's counsel, and both made and attached after the record had been filed in this court, are irregular and unauthorized methods of perfecting appeals.

It was stated in appellants' paper-book that a request had been

made to the trial judge to allow the bill of exceptions, but that owing to his illness no certificate could be procured. Under the circumstances Judge McCARTHY, another member of the court, signed the certificate.

*J. Howard Gendell,* for appellants.—An abutting owner is not liable to one injured on a sidewalk from failure to keep the same in repair or free from snow and ice, although an ordinance required such owner to remove such snow : Thomas's Neg. Rules, Decisions (1895), 1142. See also the following cases : Fulton v. Tucker, 5 N. Y. Superior Ct. Rep. (see note) 621 ; Noonan v. City of Stillwater, 33 Minn. 198 ; City of Hartford v. Talcott, 48 Conn. 525 ; Lord v. Mobile, 21 South. Rep. (Ala.) 366 ; Flynn v. Canton Co., 40 Md. 312; 17 Am. Rep. 603; Hoyt v. Danbury, 69 Conn. 341; Keokuk v. Independent Dist., 53 Iowa, 352; Eustace v. Jahns, 38 Cal. 3 ; Jansen v. City of Atchison, 16 Kansas, 358.

A municipal ordinance cannot make law and give a new right of action where none exists otherwise : Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71 ; Phila. & Reading R. R. Co. v. Boyer, 97 Pa. 91.

Even in a case of an act of the legislature which in clear terms imposes a duty, the presumption is that the remedy provided therein for the breach of the duty is exclusive, and no action will lie by a person injured by its breach, unless such action be given by the statute : Mack v. Wright, 180 Pa. 472.

The tenant only, and not the landlord, is responsible for damages caused during his term by reason of dilapidations arising during the term : Bears v. Ambler, 9 Pa. 193 ; Early v. Ashworth, 15 W. N. C. 142.

A landlord is liable only where the defect existed at the time of the demise : Wunder v. McLean, 134 Pa. 334 ; Knaus v. Brua, 107 Pa. 85 ; Reading City v. Reiner, 167 Pa. 41 ; or where he leased by piecemeal : Brown v. Weaver, 17 W. N. C. 230.

*A. T. Freedley,* with him *Franklin Swayne,* for appellee.— The duty of the master is primary and absolute to know and to do, while that of the borough, or of any municipality, as to sidewalks, is secondary and supplemental, to see that the property owner makes and maintains a safe pavement, and its

breach of duty is not in failing to do the work, but in failing to compel the owner to do it. It is entitled, therefore, to notice, actual or implied, of the existence of the defect: Lohr v. Phillipsburg, 156 Pa. 249; Duncan v. Phila., 173 Pa. 554; Brown v. Weaver, 17 W. N. C. 230; Reading v. Reiner, 167 Pa. 41; Brookeville v. Arthur, 152 Pa. 334; Brookeville v. Arthur, 130 Pa. 501.

A series of statutes in Pennsylvania recognize the duty of the property owners to keep their sidewalk in a safe condition. By the Act of March 25, 1805, 4 Sm. L. sec. 5, p. 233, the councils were authorized by ordinance to compel property owners to pave the footwalks. By Act of April 10, 1826, P. L. 326, sec. 2, it was made the duty of property owners to have the footway in front of such ground curbed and paved and to keep the same in repair.

To the same effect are: Act of April 16, 1838, P. L. 626, sec. 3; Act of April 16, 1840, P. L. 412, sec. 9; Act of March 22, 1865, P. L. 562, sec. 1, which provide that the municipal authorities are authorized and empowered, at the expense of the owners, to repair any footway and collect the cost thereof.

These statutes are referred to and commented on in Johnson & Freeman's Appeal, 75 Pa. 100. So by the Act of May 16, 1891, P. L. 75, sec. 11, the municipal authorities may require sidewalks to be kept in repair by the property owners. So by the Act of May 7, 1889, P. L. 110, sec. 2, all sidewalks built by landowners along the public highways must be kept in repair by said landowner at his own expense. By the ordinance of May 3, 1855, sec. 1, p. 142 (Brightly's Phila. Digest, p. 260, § 279), it is provided that the footways of all public streets and highways in the city of Philadelphia "shall be graded, curbed, paved and kept in repair at the expense of the owners of the ground fronting thereon."

An owner of property cannot escape liability for an existing nuisance thereon by demising it to a tenant and putting him in possession: Wunder v. McLean, 134 Pa. 334; Reading City v. Reiner, 167 Pa. 41.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 31, 1899:

While the manner in which the defendants sought to perfect their appeal, etc., after the record was sent up here, is irregular

and unsatisfactory, we all agree that in view of the special circumstances of the case—especially the illness of the learned trial judge, etc.—the motion to quash the appeal should not prevail; and the motion is therefore denied.

Without unnecessarily consuming time in referring here to the evidence relied on by the parties respectively, it is sufficient to say that our examination of the record has not disclosed any error in the proceedings, leading up to and including the judgment, that would justify us in sustaining any of the specifications.

In view of the evidence, all of the nine points for charge presented by the defendants, except the fourth, were rightly refused by the learned trial judge. In affirming their fourth point, he properly instructed the jury in the words thereof thus: " A person walking along the highway is required to exercise a reasonable watchfulness over his feet, and if the jury believe that this plaintiff, at the time of the accident, did not exercise such watchfulness, she cannot recover."

Viewed in the light of this instruction, the verdict in plaintiff's favor necessarily implies a finding by the jury that she did exercise such " reasonable watchfulness," in walking on the pavement in front of defendants' house on the east side of York street,—the point at which she was injured,—and hence she was not guilty of contributory negligence.

The question of defendants' neglect of duty, in not keeping the pavement in front of their "house in such order and condition as to permit persons traveling over and along said pavement, . . . . to do so safely, etc., was fairly submitted to the jury with instructions so full and adequate that no just exception can be taken thereto.

The subject of complaint in the first specification is that " the court erred in entering judgment in favor of the plaintiff, inasmuch as her statement . . . . sets forth no cause of action, but purports to be a breach of duty in failing to keep a part of the highway in repair; whereas there is no duty in law incumbent on defendants or any of them to keep the highway in repair."

If this is intended to apply to the sidewalk on which plaintiff was injured, it is not correct as a legal proposition. It is the primary duty of property owners along a street, to keep in proper repair the sidewalk in front of their respective proper-

ties : Lohr v. Phillipsburg, 156 Pa. 249 ; Duncan v. Philadelphia, 173 Pa. 554 ; Pittsburg v. Fay, 8 Pa. Superior Ct. 275 ; Pittsburg v. Daly, 5 Pa. Superior Ct. 532.    Hence it is that, owing to this primary liability, many cases exist in this state, in which, after recovery from the municipality, the latter has successfully recovered over from the property owner on account of his breach of his primary duty to keep the sidewalk in a safe condition.    Among these are Reading v. Reiner, 167 Pa. 41, Brookville v. Arthurs, 152 Pa. 334, and s. c. 130 Pa. 501. Several statutes in this state also recognize the duty of the property owner to keep his sidewalk in a safe condition.    By Act of March 25, 1805, 4 Smith's Laws, 233, sec. 5, councils were authorized by ordinance to compel property owners to pave the footwalks ; and by the Act of April 10, 1826, P. L. 326, sec. 2, it was made the duty of property owners to pave the footway in front of their respective properties, and to keep the same in repair.

To the same effect are the following acts : April 16, 1838, P. L. 626, sec. 3 ; April 16, 1840, P. L. 412, sec. 9 ; March 22, 1865, P. L. 562, sec. 1.

The averments in plaintiff's statement are quite sufficient to entitle her to recover, and the evidence tended to sustain all that were material to her case.

The second and last specification, complaining of the refusal of the court to permit "the jury to be taken to the place in question and inspect the pavement," cannot be sustained.    The request of defendants was an appeal to the sound discretion of the court, and there appears to be nothing whatever in the record that would justify us in saying that the discretion vested in the court below in that regard was improperly exercised.

We find nothing in any of the assignments of error that require further notice.    They are all overruled and the judgment is affirmed.