# William H. Irving, et al., Executors of James Irving, Deceased, *v.* The Burgess and Town Council of the Borough of Media, Appellants.

*Waters—Boroughs—Diversion of water.*

A borough has no right, through a contract with an upper riparian owner, to divert the waters of a stream to its waterworks, to the injury of a lower riparian owner, without making proper compensation to the latter for the injury inflicted.

The fact that a borough has taken water from a stream for twenty-one years will not affect the right of a lower riparian owner to recover for injuries caused by the taking of an additional quantity of water, through the extension of the borough's waterworks.

*Waters—Boroughs—Diversion of water—Remedy.*

Where a borough has not compensated a lower riparian owner for a diversion of water to a waterworks, the latter has a common-law action against the borough for the injury sustained.

Argued Feb. 6, 1900. Appeal, No. 281, Jan. T., 1899, by defendant, from judgment of Superior Court, Oct. T., 1898, No. 73, affirming judgment of C. P. Delaware Co., March T., 1894, No., 154, on verdict for plaintiffs. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and BROWN, JJ. Affirmed.

Appeal from Superior Court.

This was an action of trespass to recover damages for the diversion of the waters of a private stream called Ridley creek.

The following facts appear by the report of this case in 10 Pa. Superior Ct. 132:

The plaintiff at the time of the commencement of this action, on January 31, 1894, was the owner of a tract of land of about 100 acres, situate on both sides of Ridley creek, with his title extending to the middle of the creek. The defendant's water works are located on land outside the borough limits, which it bought for that purpose. The main stream, from which the water is taken, does not run through the borough, but one of its tributaries does. Plaintiff owned a large textile manufactory situated on his land which obtained a part of its power from the fall of the creek, amounting to about forty horse-power. The mill was operated by him under the trading name of

James Irving & Son.   He had no partner.   Separate accounts were kept of the manufacturing business, for the purpose of measuring the amount of compensation to his son, William A. Irving.   The mill was rented to the manufacturing business by annual leases.   He had the right to the use of the waters of the creek as a riparian owner, and he had also devoted the power of the creek to the artificial use of furnishing power to his mill.   The defendant borough owned a tract of land on the same creek higher up the stream.   In 1872 the borough located a pumping station on this land and commenced to pump water to the inhabitants of the borough for general uses.   The riparian land belonging to the borough is outside the borough limits.   There was evidence tending to show that the amount of water pumped by the borough in 1872 was comparatively small, and that the consumption increased continuously after that time ; also that the borough had recently begun to furnish water for a district outside of the borough, some of which is within the watershed of Ridley creek, and some of it within another watershed.   The statute of limitations was pleaded by the defendant.

*Error assigned* was the judgment of the Superior Court.

*George E. Darlington* and *V. Gilpin Robinson*, with them *E. H. Hall*, for appellant.—There can be no ownership in the flowing water of a stream, and a riparian owner, or the inhabitants of a district comprising the watershed of a flowing stream, may take from it water for domestic purposes, without liability to the lower riparian owners : Mayor v. Commissioners, 7 Pa. 363 ; Penna. R. R. Co. v. Miller, 112 Pa. 34 ; Haupt's App., 125 Pa. 211.

The right to the flow of a stream as a water power or for manufacturing purposes is subordinate to the right of the inhabitants of a district comprising the watershed of a stream to take the waters and use them for domestic purposes : Philadelphia v. Collins, 68 Pa. 106 ; Craig v. Shippensburg Boro, 7 Pa. Superior Ct. 526 ; Merrifield v. Worcester, 110 Mass. 216 ; Richmond v. Test, 18 Ind. App. 482 ; Penna. Coal Co. v. Sanderson, 113 Pa. 126 ; Com. v. Russell, 172 Pa. 522.

*W. B. Broomall*, for appellees.

·PER CURIAM, February 19, 1900:

The opinion of the Superior Court in this case is so clear, convincing and exhaustive, covering, as it does, all the contentions of the appellants, that it would be impossible for us to add anything of value to it.   We therefore affirm the judgment on the opinion of the learned president judge of the Superior Court.

Judgment affirmed.