# Alexander, Appellant, v. Wilkes-Barre Anthracite Coal Company.

*Equity—Equity jurisdiction—Nuisance—Coal mine—Working of colliery—Preliminary injunction.*

On the hearing of a bill in equity brought by the owner and occupier of a dwelling house for a preliminary injunction restraining the defendant coal company from working its colliery, located a short distance from plaintiff's residence, it is not error for the court to refuse a preliminary injunction where the inconvenience and injury that the plaintiff alleges he has sustained and still sustains are not of a pressing character, and the result of granting the injunction would be to stop the mining operations of the defendant, throw a large number of employees out of employment, and also cause a large loss of business to the defendant company; and where it further appears that the injuries complained of had been endured for some time, and various other efforts to relieve the situation had been resorted to by the plaintiff.

Argued March 16, 1914. Appeal, No. 66, Jan. T., 1914, by plaintiff, from order of C. P. Luzerne Co., March T., 1914, No. 3, in equity, refusing preliminary injunction in case of Robert B. Alexander v. Wilkes-Barre Anthracite Coal Company and Elizabeth C. Alexander. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for preliminary injunction.

WOODWARD, J., filed the following opinion:

This case comes before the court on bill and answer, the bill praying for an injunction and other relief, and the answer denying the material allegations in the bill.

The first three prayers of the bill must be denied for the following reasons: The first prayer is for a temporary or preliminary injunction to restrain the defendant, the Wilkes-Barre Anthracite Coal Company, its officers, agents, and employees from working its colliery in violation of the law, as is alleged in the bill and denied in the answer. This must be refused, because the

inconvenience and injury that the plaintiff alleges he has sustained and still sustains are not of such a pressing character as to warrant a preliminary injunction, the result of which would be to stop the mining operations of the defendant and throw a large number of employees out of employment, and also result in large loss of business to the defendant company. The injuries complained of have been endured for some time, and various other efforts to relieve the situation have been resorted to by the plaintiff, so that it seems clear that this is not a case for a preliminary injunction.

The second prayer is for a mandatory injunction to compel the Wilkes-Barre Anthracite Coal Company to remove its washery and boilers to some place where they will not cause the alleged injuries to the plaintiff; and the third prayer is for a mandatory injunction to compel the removal of the coal breaker of the defendant company to some other location. This relief, of course, could not be granted by preliminary injunction, especially under the pleadings in this case.

The fourth prayer is for an order on the Wilkes-Barre Anthracite Coal Company to allow the plaintiff's engineer access to the coal breaker and other structures of the defendant company for the purpose of inspecting the appliances used in the preparation of coal, and for the purpose of ascertaining if persons are employed contrary to law in the preparation of coal in said structures. As one complaint in the bill is that the breaker of defendant company emits larger quantities of dust than it would if equipped with approved appliances for controlling dust, and that the dust thus produced enters the dwelling house of the plaintiff in large quantities, and that the said breaker on this account is a nuisance from which the plaintiff suffers peculiar damage; and also, that the smoke stacks through which the smoke from the fires under the boilers is carried throws out dust of different colors which enters the plaintiff's residence, causing peculiar damage to the plaintiff, we feel dis-

posed to grant this prayer of the bill, provided that the examination is made in such a way as not to interfere with the defendant company in the operation of its colliery, and therefore order and decree that the defendant, the Wilkes-Barre Anthracite Coal Company permit the plaintiff, by his engineer, to inspect its breaker and other outside structures at such time as may be convenient and reasonable, and accompanied by a representative of defendant company, if it so chooses, to ascertain whether the defendant company has in use such apparatus for the prevention of dust as is ordinarily in use in like collieries in these regions.

The fifth prayer is "for such other and further relief as the circumstances of the case may require, and to the court may seem meet." With the order and decree just made the court has granted all the relief that can be given at this stage of the case. By the court.

The court refused to grant a preliminary injunction. Plaintiff appealed.

*Error assigned,* among others, was in refusing preliminary injunction.

*Robert B. Alexander,* with him *John McGahren,* for appellant.

*Benjamin R. Jones,* for appellee was not heard.

PER CURIAM, March 30, 1914:

The decree appealed from is affirmed on the opinion of Judge WOODWARD refusing a preliminary injunction.