## Lacey v. Hardy, Jr., Appellant.

Argued November 19, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*John L. DuBois,* for appellant.

*Robert G. Hendricks,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

The plaintiff brought suit to recover for services and expenses involved in drawing plans and specifications of a building, obtaining bids and superintending construction as an architect; there being a written contract providing for the payment of the services and designating what they were to be.

The first question submitted is whether the court abused its discretion in refusing defendant's motion to have a jury view the premises. It was decided in Commonwealth v. Miller, 139 Pa. 77, 95, that this was a matter fairly within the discretion of the court, although the Supreme Court comments, in affirming the refusal that the request was a reasonable one and that it was difficult to understand why it was not granted by the court. This case was referred to in Commonwealth v. Van Horn, 188 Pa. 143, and the view that it was a matter within the sound discretion of the lower court was 'again expressed. In the present case, the view of the premises would have been of doubtful propriety, for as urged by the plaintiff's counsel, the work was completed in 1927 and the case was not tried until January 19, 1931. There was a considerable testimony as to what the defects in the building were and the question was raised whether these originated when the building was completed or whether they were the result of wear and tear occurring since. A view under these conditions might be more likely to be confusing than instructive, unless there were an agreement that the witnesses could

point out in place the faults that were involved in the construction of the building and those which developed later. There was no abuse of discretion in denying the request.

The next question involved is as to whether the court erred in not permitting defendant's expert witness to answer a certain question. The question was, "Mr. Slack, from your examination and your knowledge as you have disclosed it to this court and jury as to the examination of the plans and the specifications, and the defects which you have just related in detail, can you give this court and jury an opinion as to what it would cost in dollars and cents to place the house of George Hardy, Jr., in the condition in which it should have been placed three years ago?" The objection to this form of question was that it should not be allowed "unless it be confined with reference to architecture only and not from anything that may have been done by any contractor or any person since." The court sustained the objection. We think the court was right.

In the argument that ensued, the court stated that the witness has testified that some of these defects could not be chargeable to the plaintiff. The attorney for the plaintiff could have taken the cue and asked the witness as to the cost of replacing the defective items, chargeable to the plaintiff, and thus the jury could have discriminated between those items for which it was alleged the architect was responsible and those which could be laid to the fault of someone else. Instead of beginning with a total, he could have proven the items separately and thus arrived at the sum claimed as a set-off, or counter claim.

All the assignments are overruled and the judgment is affirmed.