## Diehm *v.* New Holland Borough, Appellant.

316

Argued March 10, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Harris C. Arnold,* with him *John A. Coyle,* for appellant.

*Robert Ruppin,* with him *J. Farrell Garvey* and *S. Richard Harr,* for appellee.

Opinion by Baldrige, J., April 15, 1937:

The defendant has appealed from a judgment for

$1,250 obtained by plaintiff in an action of trespass.

The plaintiff is the owner of a farm in Lancaster county, through which runs a stream, known as Mill Creek, from which he obtains water for domestic purposes, stock, and for other uses in connection with the conduct of his farm. Mill Creek rises in the Welsh mountains and is fed by a number of contributory streams.

The defendant, in 1930, purchased a tract of land about a mile and a half east of plaintiff's property, on which are located the Miller springs. The plaintiff complains that defendant built cement walls around these springs and diverted the flow of the water thereof into pipes by which it was conveyed to the defendant borough.

This suit is to recover permanent damages. It was brought three days after the pipes had been connected to the springs, but was not tried until April 2, 1935. No affidavit of defense was filed, but at the trial the defendant denied that the taking of the water diminished the flow of Mill Creek to any appreciable extent as the Miller springs contributed but a small part of the water in Mill Creek when it reached plaintiff's land, and that any water has been diverted from the springs since the summer of 1932, and therefore contends that plaintiff has not suffered any permanent injury.

The appellant argues that the plaintiff failed to "individuate the cause of his injury," and directs our attention particularly to the testimony of plaintiff's witness, Adam Esbenshade, who stated that he had made a small ditch with a shovel in 1931 to bring a little water to his farm from Mill Creek before it reached the plaintiff's land, citing *Applebaum v. P. R. T. Co.*, 244 Pa. 82, 90 A. 462; *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247; *Mudano v. P. R. T. Co.*, 289 Pa. 51, 137 A. 104. These personal injury cases hold that a plaintiff is obliged to show that the injury alleged to

have been sustained is attributable to the accident, not the result of one of two causes for only one of which defendant is liable. We think, the ruling in *King v. Equitable Gas Co.,* 307 Pa. 287, 161 A. 65, is more applicable to the facts before us. It is there stated (p. 294); "All that a plaintiff is required to do ...... is to individuate, to the satisfaction of the court and jury, that the act or neglect of defendant was the proximate cause [of the injury]." See also, *Keough v. Markus et ux.,* 114 Pa. Superior Ct. 80, 173 A. 768.

The plaintiff's testimony showed that, prior to the defendant's diversion of the water of the Miller springs, Mill Creek had a good flow of water, entirely adequate for his purpose. In the summer of 1931, after the diversion of the water, the flow was less in quantity and the creek was practically dry during the summer and fall, and the water was so stagnant it was not fit to give to the stock. In the summer of 1932 and 1933 there was a slight increase in the flow and in 1934 a little more than in 1933, but after 1931 the water was entirely insufficient for domestic purposes or for his stock.

Whether Esbenshade diverted such an amount of water from Mill Creek as to affect its flow and to be the primary cause of the damages alleged by plaintiff was a question for the jury's determination: *Adam v. Moll,* 6 Pa. Superior Ct. 380. The defendant apparently was of that opinion for in its third and fifth points it requested the judge to charge the jury that if the injury to plaintiff was caused by the diversion of water by other persons than defendant, plaintiff was not entitled to recover. Those points were affirmed. This contention must be rejected.

The defendant's next position is that there was no evidence of permanent injury to the plaintiff's farm, as the alleged shortage of water existed only in the

summer months. The burden, of course, was on plaintiff to show a permanent injury, or that the condition complained of was reasonably certain to be permanent. *Irving v. Boro. of Media,* 194 Pa. 648, 45 A. 482; *Standard Plate Glass Co. v. Butler Water Co.,* 5 Pa. Superior Ct. 563; *Hoober v. New Holland Water Co.,* 43 Pa. Superior Ct. 262. The evidence offered by the plaintiff, although contradicted by defendant, if believed by the jury, established that during the greater part of the year the flow of Mill Creek was greatly reduced as the result of defendant's appropriation of the water and that during the winter it was so low there was not enough water in it to keep it from freezing. In *Wagner v. Purity Water Co.,* 241 Pa. 328, 88 A. 484, which involved an action of trespass to recover damages for the diversion of the waters of a stream, Mr. Justice ELKIN, in delivering the opinion of the court, said (p. 335) : "If there is a dispute as to the permanent character of the injury this becomes a question for the jury under the pleadings and evidence: *Good v. Altoona,* 162 Pa. 493." Here, again, the defendant, as to the disputed fact, requested the court to charge the jury that unless it found that the injury to plaintiff's farm was permanent, there could be no recovery, and that point was affirmed.

True, since the trial of the cause, the water pipes connected by defendant with the springs have been severed; but the rights of the parties were to be adjudged as of the time of the trial and the jury was to take into consideration the probability of its continuance as shown by the evidence. In *Bare v. Hoffman,* 79 Pa. 71, permanent damages were not allowed, as the damages were caused by the defendant's placing a pipe in a stream on his own land, but before the trial the defendant had removed the pipe so that thereafter the water ran undiminished in its accustomed channel. In *Sebree v. Huntingdon Water Supply Co.,* 72 Pa. Superior Ct. 553, it was held that where

the land of a riparian owner has been permanently injured by an unlawful diversion of water (in that case by construction of a dam), the plaintiff was entitled to recover permanent damages, independent of whether or not the property had been lawfully appropriated by the water company.

In our judgment, the question of the permanency of the damages was for the jury.

The defendant complains of certain alleged errors in the trial, consisting of the judge's rulings on the evidence, his general prejudicial attitude, and the affirmance of certain of plaintiff's points. We think it is unnecessary to discuss these various complaints. They have all been given consideration and we find no merit in them.

Exception is also taken by the defendant to the failure to permit the jury to view the premises before the trial began. That was a motion addressed to the discretion of the trial judge, and his refusal thereof is not reversible error unless there is a clear abuse of discretion. The trial took place in the spring of the year and it might well be that at that period the water in the stream would not have given correct information as to the amount of water usually therein. In *Com. v. Miller,* 139 Pa. 77, 21 A. 138, it was held that the matter of granting a view was largely within the discretion of the court. The Supreme Court, in commenting on the refusal of the request, stated it was a reasonable one and it was difficult to understand why it was not granted. See also, *Lacey v. Hardy, Jr.,* 104 Pa. Superior Ct. 490, 159 A. 68; *Mintzer v. Hogg,* 192 Pa. 137, 43 A. 465; *Alexander v. Wilkes-Barre Anthracite Coal Co.,* 245 Pa. 28, 91 A. 213.

The jury seems to have been liberal in awarding $1,750 damages. The court, however, in passing upon the motion for a new trial, ordered the verdict to be reduced to $1,250, and that, if the plaintiff remitted

the excess amount within fifteen days, the rule for a new trial was to be discharged. The plaintiff filed a remittitur within that period. We cannot say that the judgment as entered is so excessive as to justify our interference.

A review of this case convinces us that the trial was properly conducted and that the issues of fact were carefully and adequately submitted to the jury. No reason has been advanced to warrant the conclusion that reversible error was committed by the trial judge.

Judgment is affirmed.