Brown et ux. *v.* Jones, Appellant.

Argued October 26, 1939.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Michael Kivko,* of *Knight & Kivko,* for appellant.

*Richard Henry Klein,* for appellees.

OPINION BY BALDRIGE, J., January 30, 1940:
This appeal is from judgments obtained by the plain-
tiffs in a trespass action growing out of a collision be-
tween two automobiles.

On May 28, 1938, at about 11:00 a. m., the plaintiffs, as guests, were in the rear seat of a Chevrolet car driven by Leon G. Higgins, traveling south at the rate of 35 to 38 miles per hour on route No. 11, a through highway, 18 feet wide, constructed of concrete, known as the Susquehanna Trail. The defendant, driving an Oldsmobile sedan, was proceeding east on route No. 17, a macadam highway, 16 to 17 feet wide, which joins route No. 11 in the borough of Liverpool, Perry County, at a "T" intersection. About 6 feet away from the intersection, on route No. 17, there is a "Stop" sign.

The plaintiffs testified that when the front end of their car was just past a brick house at the northwest corner of the intersection, the defendant's car, traveling 15 miles per hour, came on to the through highway, attempted to cut the corner and make a left-hand turn in front of their car, which was then about 10 to 12 feet away. The collision occurred north of the center line of route 17 and on the west or right side of route 11. The Chevrolet stopped about two car lengths beyond the place of the impact and the defendant's car, after spinning around, came to rest on the west side of the through highway near a guard rail post.

The defendant testified that he stopped about one foot from the edge of the through highway, which, he said, was as close as he could go without exposing to danger himself and the others of his family riding with him; that he looked and saw no traffic; that his view was limited by trees and a two-story dwelling with a porch supported by six brick posts, located on the northwest of the intersection, and beyond that are other houses which obstructed his view. A little later in his direct examination he said that when he stopped he had a view of route No. 11 of about 50 feet and "As I went further I could see a little further up the lane; just as I entered the lane I think I could see perhaps a hundred feet to the left." His wife, who was in the

rear seat of the car, testified that she saw the Higgins' car just as their car was going into the intersection, approximately a hundred feet away.

E. D. Beigh, a resident of Liverpool, who was familiar with this intersection, and in that locality at the time of the accident, testified that, if one proceeds slowly from the "Stop" sign, a view can be had to the left on route 17 for approximately 700 to 1000 feet.

H. D. Shoemaker, another resident of Liverpool, stated that, if the bumper of a car is even with the concrete, one can see through the pillars of the porch to the left 300 to 325 feet.

There was other testimony to the effect that while the pillars of the porch interfered to some extent with the view, vision may be had to the left from 150 to 300 feet before entering route No. 11.

Patrolman Riggle testified that he had a conversation with Jones several hours after the accident, who stated to him that when he entered the intersection he was admiring the "beautiful lake," which would indicate he was not exercising reasonable care. The defendant is a resident of Vermont and no doubt mistook the Susquehanna River, which is quite wide at that point, for a lake.

Under the testimony which we have detailed, the court would have committed clear error if it had held as a matter of law that it was not sufficient for a jury to determine that the defendant was guilty of negligence. No question is raised in this appeal of the contributory negligence of the plaintiffs.

We are not aware of any case that has gone so far as to declare that a driver who enters a through highway, under circumstances similar to those before us, and collides with a car driven thereon, is free of negligence as a matter of law. Huddy on Automobile Law, 9th Ed., vol. 3-4, p. 230, section 138, lays down the general rule that, if the view of a driver approaching an inter-

section is obstructed, he is bound to exercise proportionately greater diligence than if unobstructed. In *Boehm v. Heston*, 325 Pa. 89, 189 A. 298, the defendant passed a stop sign, and collided with the plaintiff who was traveling on a through highway. Owing to an embankment at that intersection, neither party could see the other until the cars were actually in what was practically a "T" intersection. The court held that the case was one for the jury's determination.

The courts hold one driving onto a through highway at a "T" intersection to strict accountability. See *Dougherty v. Merchants Baking Co.*, 313 Pa. 557, 169 A. 753, and *Goddard v. Armour & Co.*, 136 Pa. Superior Ct. 158, 7 A. 2d 79. The plaintiffs' car having the right of way, the duty was imposed upon the defendant, approaching this through highway, to recognize that superior right and to take additional care before entering route No. 11: *Riley v. McNaugher*, 318 Pa. 217, 178 A. 6. Looking when his vision was obstructed was unavailing, and did not fulfill his legal duty: *Dixon v. Pentony*, 116 Pa. Superior Ct. 443, 445, 176 A. 782.

In *Bowers v. Gaglione*, 322 Pa. 329, 185 A. 315, one of the cases relied upon by appellant, a judgment was obtained by the plaintiff in a suit growing out of a collision at intersecting streets. The court sustained defendant's motion for judgment n. o. v., and held that, under the particular facts involved, the case should have been submitted to the jury, as was done in the case at bar, and not decided by the judge as a matter of law. That decision is not helpful to appellant.

Complaint is also made of the judge's refusing to affirm appellant's second point, which read as follows:

"2. That if you find from all of the evidence that the defendant, Jones, stopped his car at the Stop Sign on Route No. 17, with his front wheels near or on the seam between the western line of the concrete and the macadam of Route No. 17, and looked and saw nothing

coming from the north and then proceeded to move forward in low gear across the southern line of traffic on Route No. 11, and that when the front wheels of his car had about reached the center line of Route No. 11 his car was hit by the Higgins car, which Jones could not see approaching until he was out on the southern lane of traffic on Route No. 11, then you cannot find from these facts that Jones was negligent and your verdict must be for the defendant."

This point was not drawn in accordance with the evidence. Defendant testified, as above stated, that he saw the plaintiffs' car coming from the north. The point was also somewhat confusing. Route No. 11 runs approximately north and south and route No. 17, east and west. The point states that the defendant, after he saw nothing coming from the north, proceeded to move across the southern line of traffic of route No. 11. The testimony showed that he was crossing the western or south bound lane of traffic. There are only two lanes, the east and the west. Furthermore, the point assumes as a fact that Jones could not see traffic coming from the north until he was out of the south (west) lane of traffic on route 11, which was a matter that was in dispute. The point was properly refused.

Moreover, the fifth point, affirmed by the trial judge, clearly states the law applicable to this case. Failure to answer a point does not constitute error if its subject-matter is elsewhere passed upon in the charge: *Warruna v. Dick,* 261 Pa. 602, 104 A. 749.

We might add that we think all the issues involved were adequately submitted to the jury in a fair and impartial charge.

The final complaint is that the court erred in refusing to permit the jury to view the scene of the accident. That was a matter within the discretion of the trial judge. The jury had the benefit of seeing a large number of photographs, which plainly show these highways

in both directions and give an accurate picture of the intersections and adjacent properties.

This case was tried at Sunbury, Northumberland County, and the scene of the accident was in another county, 35 miles distant from the court house. An appellate court will not reverse the court below for refusing the jury to view the scene of an accident, unless there appears an abuse of discretion: *Mintzer v. Hogg*, 192 Pa. 137, 43 A. 465; *Lacey v. Hardy, Inc.*, 104 Pa. Superior Ct. 490, 159 A. 68; *Diehm v. New Holland Boro.*, 126 Pa. Superior Ct. 315, 191 A. 393.

We are not convinced that the refusal of the defendant's request was reversible error.

After a review of this entire record and a consideration of the arguments of learned counsel, we have concluded that no reason has been advanced for disturbing the verdicts of the jury.

The respective judgments are affirmed.