## Staunton

CHARLES LAURSE SEAWELL v. T. O. CARMINES, ADMINISTRATOR OF THE ESTATE OF WILLIAM SIDNEY CARMINES, DECEASED.

September 9, 1966.

Record No. 6168.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Daniel W. Wilkinson, Jr.* (*Ford, West and Wilkinson,* on brief), for the plaintiff in error.

*Russell M. Carneal* and *Edward A. Marks, Jr.* (*Carneal, Smith and Anderson; Sands, Anderson, Marks and Clarke,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

In a wrongful death action arising out of a collision between two motor vehicles, T. O. Carmines, administrator of the estate of William Sidney Carmines, deceased, has recovered a verdict and judgment of $8,000 against Charles Laurse Seawell. On his appeal Seawell contends that the judgment should be reversed and final judgment entered in his favor because, he says, the evidence shows that the decedent was guilty of contributory negligence as a matter of law. In the alternative, Seawell asks that the judgment be reversed and the case remanded for a new trial because of the trial court's errors in its rulings on the instructions.

The collision occurred about 4:25 P. M. on February 10, 1964, at the intersection of State Route 171 and a driveway leading from the home of Irma Hobson to the south side of the state road in York county. At the scene the highway is level and straight for approximately two-tenths of a mile. The state road is paved to a width of 18 feet and 2 inches and is marked with a solid line indicating a no-passing lane for eastbound vehicles. This line begins about two-tenths of a mile west of the driveway and extends eastwardly beyond it. A driver proceeding along the driveway to the south side of the state road has an unobstructed view for two- to three-tenths of a mile to the west. The permitted speed limit is 55 miles per hour.

At the time of the collision the decedent Carmines, driving a pickup truck, was attempting to enter the state road from the driveway. His truck was struck by a car driven by Seawell eastwardly along the state road. Carmines was thrown from the vehicle and killed by the impact.

Shortly before the collision the Seawell car was following a car driven by J. W. Taylor which in turn was following a car driven by Percy Williams. Before reaching the driveway Seawell overtook and passed these two cars. There is a conflict in the evidence as to the manner in which Seawell passed these cars and how far his car was from the Hobson driveway when the maneuver was completed. The evidence on behalf of the plaintiff is that in effecting this passage the Seawell car crossed over the solid no-passing line, passed the two vehicles, and cut back into its eastbound lane on Route 171 when the Williams car, the leading vehicle, was within 50 or 60 feet of the driveway.

On the other hand, the defendant Seawell, and T. M. Watkins,

a passenger in the Seawell car, testified that Seawell overtook and passed the two vehicles in a permitted passing zone a considerable distance west of the driveway and that Seawell had gotten back on his proper side of the road well before reaching the driveway. In any event, when the Seawell car reached the driveway it struck the left front of the Carmines truck.

■ The defendant concedes that the evidence is sufficient to support a finding that he was guilty of negligence which proximately caused the collision. But he insists that the evidence, viewed most favorably from the position of the decedent, shows that the latter was guilty of contributory negligence as a matter of law.

Williams, the driver of the leading car which Seawell passed shortly before the collision, called as a witness for the plaintiff, testified that as he approached the driveway he saw the Carmines truck coming out of the yard along the driveway; that it "came down out of the yard, straight down to the road, square down to the road," and stopped with the front wheels "against the asphalt surface" and its bumper "over on the highway;" and that when the truck was in this position the Seawell car swerved in front of the Williams car at a 45-degree angle and struck the left corner of the bumper of the truck.

Mrs. Betty Deufel, a passenger in the Seawell car, testified that when the Seawell car was within 100 feet of the driveway she saw the Carmines truck coming out; that the decedent did not turn his head or look in the direction of the approaching Seawell car; that he did not stop, but came "straight out" onto the highway.

Watkins, the other passenger in the Seawell car, also testified that when the Seawell car was within 100 feet of the driveway the decedent Carmines drove onto the highway without stopping and without turning his head or looking in the direction of the approaching Seawell car.

Seawell testified that when he was within 100 feet of the driveway he saw the Carmines truck "move forward toward the highway;" that it did not stop but came onto the highway; that when he saw that the truck "was not going to stop" he applied his brakes, but that his car was so close to the truck he was unable to avoid the collision.

The evidence is undisputed that the collision occurred on the paved portion of the state highway. The testimony of Williams is the only evidence that the Carmines truck stopped before the collision. The other witnesses agree that it did not stop before the impact.

Code, § 46.1-223 [Repl. Vol. 1958], provides: "The driver of a vehicle entering a public highway or sidewalk from a private road, driveway, alley or building shall stop immediately before entering such highway or sidewalk and, upon entering such highway or sidewalk, shall yield the right of way to all vehicles approaching on such public highway or to all pedestrians or vehicles approaching on such public sidewalk."

It will be observed that this statute requires the driver of a vehicle to come to a stop immediately before entering a public highway from a private road and upon entering such highway to yield the right of way to all vehicles approaching thereon. The failure to obey the mandate of this statute constitutes negligence. *Temple* v. *Moses*, 175 Va. 320, 338, 8 S. E. 2d 262, 269.

If, as all of the witnesses except Williams say, the decedent failed to stop his truck before entering the highway and before the impact, he violated the mandate of this statute. If, as Williams says, the decedent did not stop his truck until the front wheels had reached the paved portion of the highway and the bumper protruded over the pavement, clearly this was a violation of the statute and constituted negligence.

It is likewise clear that the conduct of the decedent proximately contributed to the collision. The witnesses agree that when the truck entered the highway the approaching Seawell car was about 50 to 100 feet away. The evidence is undisputed that as the decedent approached the highway he had an unobstructed view for more than two-tenths of a mile in the direction from which the Seawell car came. Had he been keeping a proper lookout he saw, or in the exercise of ordinary care should have seen, that the Seawell car was too close for him to enter the highway ahead of it or to bring his truck to a stop in a manner which partly obstructed the traveled portion of the highway. "A driver of a motor vehicle is under the absolute duty to see an oncoming vehicle which is in such plain view that looking with reasonable care he is bound to have seen it." *Von Roy* v. *Whitescarver*, 197 Va. 384, 392, 89 S. E. 2d 346, 352.

Our conclusion that the decedent was guilty of contributory negligence as a matter of law makes it unnecessary that we discuss the other assignments of error.

The judgment is reversed, the verdict set aside, and final judgment here entered in favor of the defendant below.

*Reversed and final judgment.*