**Georgia Via LYONS, Plaintiff,**

v.

**Ian Stuart McDONALD, Defendant.**

**Civ. A. No. 70–69–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

May 11, 1970.

Ralph Lucian Payne, Alexandria, Va., for plaintiff.

Oren R. Lewis, Jr., Tolbert, Lewis & FitzGerald, Arlington, Va., for defendant.

## ORDER

KELLAM, District Judge.

Plaintiff moves the Court to set aside the jury's verdict returned herein on March 16, 1970, finding for the defendant. Plaintiff asserts three grounds, namely, (1) the verdict is contrary to the evidence, (2) the jury did not follow or misunderstood the charge of the Court, and (3) the Court should have directed a verdict on the issue of liability at the conclusion of opening statement of defendant's counsel.

There is little or no dispute in the evidence. The accident occurred February 3, 1968, at about 7:00 o'clock p. m., on U.S. Highway 1 at or near "Hybla Valley." At this point the highway consists of four lanes of approximately 11 to 12 feet each, two for northbound traffic and two for southbound traffic. Double yellow lines separate the north and southbound lanes. The posted speed is 45 miles per hour.

At the time of collision plaintiff was riding as a passenger in an automobile driven by Richard Lyons. He was proceeding southerly along the inside lane (next to the double yellow lines) at a speed of approximately 25 miles per hour. Defendant, driving a 1962 Corvette, was attempting to enter U.S. Highway #1 from a driveway of McDonald's Hamburger Stand on the west, to cross the two lanes of traffic assigned for southbound traffic, and turn left to proceed north on said highway. He stopped at the edge of the highway and turned on his directional signal to indicate a left turn. Southbound traffic in the outside lane (lane nearest the west edge of the road) stopped. Defendant says it stopped to allow him to cross; that he "proceeded across the southern lane, the closest lane to the side of the highway, and stopped again and crept forward so I could see past the traffic stopped to my left;" that the driver of the automobile in the outside lane motioned him on; that he relied only partially on the motion from the automobile driver in the outside lane to proceed, and he also relied on "[m]y [his] own vision;" that he then proceeded at a speed of 3 to 4 miles per hour into the inside lane and he was struck by the car driven by Lyons; that he was "creeping out into something" he couldn't see; that he could not see the traffic coming from his left in the inside lane. At the time of the accident there were 15 to 20 cars stopped in the outside lane.

At the time of the accident, plaintiff was sitting on the front seat of the Lyons automobile and was "dozing." The evidence clearly establishes that she was not guilty of any negligence which proximately contributed to the collision.

Section 46.1–223 of the Code of Virginia, 1950, as amended, provides that the driver of a vehicle "entering a public highway from a * * * driveway * * * shall stop immediately before entering such highway * * * and, upon entering such highway, * * * *shall yield the right-of-way to all vehicles approaching on such public highway * * *.*" (italics added.) The Court of Appeals of Virginia in construing this statute in Kelley v. Henley, 208 Va. 264, 156 S.E.2d 618, 621, said the driver had not only the duty to stop "but also the duty to yield the right-of-

way to all vehicles approaching thereon," and that the "reasonable discharge of the duty to yield necessarily entailed the antecedent duties of maintaining a proper lookout and of heeding what such a lookout revealed." As the Court said in the *Kelley* case, referring to the driver entering the highway from the side, "he either did not look to see if traffic was approaching or, if he looked, failed to see and to heed what obviously was there to be seen and to be heeded. In either event * * * [he] was negligent." To the same effect see Seawell v. Carmines, 207 Va. 294, 149 S.E.2d 903, 906.

■ Defendant was attempting to enter a busy highway from the west, cross two lanes of traffic, and then make a left turn to proceed north. He admits his view was blocked. He knew it was a dangerous place, but yet he "creeped" out "two or three feet" into the inside lane at a time when he could not see the traffic coming from his left. (Tr. of Ev. 49–50). Defendant was plainly "negligent in entering the [highway] under the traffic conditions and under conditions of limited visibility in the direction from which plaintiff approached, and in attempting to pass in front of the approaching [automobile]." Robertson v. United States, 199 F.Supp. 118, 119 (S.D.West Virginia 1961). As the Court said in Gladysz v. United States and Waugh v. United States, 100 F.Supp. 205, 208 (M.D.Pa.1951), "[W]here the view of a driver approaching an intersection is obstructed he is bound to exercise proportionately greater diligence than if his view was unobstructed." Citing Brown v. Jones, 138 Pa.Super. 350, 353, 10 A.2d 839.

■ Plaintiff was absolutely free from negligence, and was an innocent party. She has been injured without any fault on her part. Lyons, the driver of the automobile in which she was riding was proceeding well within the speed limit—25 miles per hour in a 45 mile speed limit—along his proper lane of travel. Even if it be conceded he was guilty of negligence which proximately contributed to the happening of the accident, if defendant was guilty of any negligence which concurred in or proximately contributed to the happening of the accident, plaintiff is entitled to recover. Again, the evidence is not in dispute. It was defendant's duty to yield the right of way to cars on the highway, to keep a proper lookout and observe what a proper lookout would have revealed. Instead, he pulled out in front of the car in which plaintiff was riding as a passenger at a place he knew to be dangerous at a time when he could not see approaching traffic. This case is governed by the principles stated in Kelley v. Henley, supra, 156 S.E.2d 618, 621, where the Court said:

We are not unmindful of the fact that the plaintiff has received a verdict at the hands of the jury; and we are fully cognizant of the rule that, ordinarily, questions of negligence, both primary and contributory, are to be settled by a jury. But where the facts are such that reasonable men should draw but one conclusion therefrom, the presence or absence of negligence becomes a matter of law to be decided by the court. Whether a negligence case should be submitted to a jury or decided by the court must, of necessity, be determined from the facts of the particular case. Brown v. Damron, 197 Va. 309, 313, 89 S.E.2d 54; Nehi Bottling Co. v. Lambert, 196 Va. 949, 955, 86 S.E.2d 156.

Since the evidence clearly establishes defendant guilty of negligence which was a proximate cause of the accident, the verdict of the jury is set aside and plaintiff granted a new trial on the issue of damages only.