Carol Jean **SHARP**, Plaintiff,

v.

Ralph E. **FRAZIER**, Defendant.

No. CIV–2–81–11.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 31, 1981.

---

Earl R. Booze, Johnson City, Tenn., for plaintiff.

Thomas C. McKee, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action to recover damages for personal injuries allegedly sustained in an accident involving a motorcycle and an automobile. 28 U.S.C. § 1332(a)(1). The plaintiff moved for a summary judgment on the issue of liability, Rule 56(a), (c), Federal Rules of Civil Procedure, contending that the defendant's plea of guilty to a charge of failure to yield the right-of-way, which charge arose out of the above accident, renders him guilty of statutory negligence. The motion obviously lacks merit and hereby is

DENIED.

■ The plaintiff appears to state correctly the rule that a violation of § 46.1–233 of the Code of Virginia [1] constitutes negligence. *Seawell v. Carmines* (1966), 207 Va. 294, 149 S.E.2d 903, 906[1]. What the plaintiff overlooks, however, is that merely pleading guilty to a charge of violating that statute and paying a $15 fine does not establish conclusively [2] that the defendant violated the statute. Such a plea " * * * is received [in evidence], not as a judgment establishing a fact or the truth of the facts in support of the charge of negligent driving, but as a declaration or admission against interest. * * * " 8 Am.Jur. (2d) 191, Automobiles & Highway Traffic § 1030. The weight to be given such evidence is a matter for the jury to consider along with any explanation given by the defendant as the reason(s) he entered such plea. *See idem.*

■ Furthermore, even if the defendant was guilty of negligence by violating the

statute, such would not automatically render him liable to the plaintiff herein. " * * * Whatever the rule may be with respect to the effect of a violation of a statute * * * regulating the operation of motor vehicles, no liability can be imposed upon one violating such a statute * * * unless such violation can be said to be the proximate cause of the injuries or damages complained of. * * * " 7A Am.Jur. (2d) 643, Automobiles & Highway Traffic § 426. Nothing in the record herein shows conclusively that any violation of the statute by the defendant " * * * proximately contributed to the collision. * * * " *Seawell v. Carmines, supra,* 149 S.E.2d at 906[4].

1. The accident occurred in Virginia, and, thus, this Court must look to the substantive law of that commonwealth. *Telecommunications, E. S. & S. Co. v. Southern T. S. Co.,* C.A.6th (1975), 518 F.2d 392, 394 [4].

2. In seeking summary judgment, the plaintiff has the burden of showing conclusively that there exists no genuine issue as to any material fact. *Smith v. Hudson,* C.A.6th (1979), 600 F.2d 60, 63 [4], certiorari dismissed (1979), 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415.