# Townsend *versus* Lewis's Administratrix.

Where time is not of the essence of a contract, and there has been no inequitable delay on the part of the vendor, equity will relieve him from a strict performance ; and he may tender a deed at the time of trial, or have relief by means of a conditional verdict or judgment.

ERROR to the Common Pleas of *Montgomery county.*

This was a *scire facias* by Margaret Lewis, administratrix of Enos Lewis, deceased, against Samuel Townsend, on a mortgage for $6000, given by the defendant to the plaintiff's intestate, dated the 2d April 1855, to secure the purchase-money of the mortgaged premises.

On the 4th September 1857, an agreement was entered into between Townsend and Enos Lewis, whereby it was stipulated that Townsend should, on or before the 1st January 1858, execute and deliver to Lewis, his heirs and assigns, a deed, in fee simple, for a storehouse, dwelling, and lot of ground ; in consideration whereof Lewis covenanted to credit Townsend with the sum of $3500 on his mortgage for $6000.

On the 31st December 1857, Townsend and his wife executed to Lewis a conveyance in fee simple, clear of encumbrance, for the premises mentioned in the agreement. This deed was ac-

knowledged by Townsend on the same day, but his wife did not acknowledge it until the 19th January 1858. It was recorded on the 6th February 1858. But on the 31st December 1857, the day on which it was executed, Lewis died, without any delivery of the deed having been made.

On the trial, the defendant gave in evidence the agreement of the 4th September 1857, and offered the record of the deed of the 31st December 1857; but the court ruled it out, and sealed a bill of exceptions.

He then offered in evidence an instrument of writing, signed by all the heirs of Enos Lewis, deceased, agreeing to accept the title to the premises mentioned in the agreement, and requiring the plaintiff to allow him a credit of $3500 on his mortgage. The court overruled the offer, and the defendant excepted.

The defendant's counsel then requested the court below to instruct the jury, that they should find a conditional verdict for the plaintiff, $3500 whereof should be released, if, within a time to be fixed by them, Townsend should execute and deliver a good and sufficient deed for the premises to the parties entitled thereto. The court declined so to charge, and instructed the jury that this was not a case for a conditional verdict, whatever it might have been, if the proffer of the deed had been earlier made.

To this instruction the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $6590, the defendant sued out this writ, and here assigned for error: 1. The rejection of the evidence offered on the trial. 2. The charge of the court below.

*H. W. Bonsall* and *Boyd*, for the plaintiff in error.—This certainly seems to present a case for the equitable interference of the court on behalf of the defendants below. Time was not here of the essence of the contract: D'Arras *v.* Keyser, 2 *Casey* 249. Yet the defendant showed diligence and activity on his part to comply with his contract, and, so far as he could, did comply, before the day. Within three weeks after the day, and before any repudiation or rescission, it was, as we contend, and as is agreed by all the heirs, fully performed. But if the court should be of a different opinion, then do we not come within the general scope of power vested in the courts to effectuate justice through the medium of conditional verdicts. The general principle is, that where there exists an equity which cannot be reached by the ordinary form of verdict, there a conditional verdict will be directed, no matter what the form of action, or whether it relate to real or personal estate: 6 *Watts* 213; Hart *v.* Withers, 1 *Penn. R.* 285; Irvine *v.* Bull, 4 *Watts* 287. And it is submitted, that where, upon the trial of a cause, between the parties named on the record, it becomes apparent, that the rights of third parties not

[Townsend v. Lewis's Administratrix.]

named of record will be endangered, the court has full power to direct a conditional verdict, to be moulded in such form as will effectuate justice between all the interests involved. Such practice would certainly be conformable to equity.

*B. Markley Boyer*, for the defendant in error.—The very authorities cited by the plaintiff in error show that this was no case for a conditional verdict. In McCormick *v.* Crall, 6 *Watts* 213, the first case cited by him upon this point, it is said, " a conditional verdict has been employed in Pennsylvania to effect an equity which could not be reached by the ordinary form of the verdict; but there is no instance in which it has been adopted to relieve the plaintiff from a difficulty occasioned by his not being ready to establish those facts which are put in issue in the cause. Should we give in to this practice, we should gradually change the system of our pleadings and proofs, encourage remissness in suitors, and produce an increased delay and litigation."

The opinion of the court was delivered by

Lowrie, C. J.—We do not discover anything in the contract of sale by Townsend to Lewis, that makes time of the essence of the bargain. Very evidently, there was no inequitable delay in Townsend's execution of the deed, but his wife had not yet signed it when the grantee died. Her signing it afterwards, and the recording of it, did not make a complete execution and delivery of the deed to the grantee. His death, therefore, prevented the performance of the contract in its stipulated form, and any delay that has since occurred, seems to have arisen from the supposition that the deed that had been made was valid in law. It is plain enough, that in such cases equity relieves the party from a strict performance, and allows it to be made out of time.

The court below were right in rejecting this contract as a defence to the bond and mortgage sued upon, because it had not been performed by the defendant below, and did not, therefore, constitute a legal set-off, or payment of so much. But we think that the defendant had an equity, that entitled him to have a conditional verdict, so that the judgment might be moulded in such form, as to allow him to make a payment according to the contract, as nearly as circumstances will now permit. The facts that constitute the equity are quite clear in this case, and therefore the verdict to establish them is not needed, and we can correct the judgment here without it.

> The judgment of the Common Pleas is affirmed, and it is now here further ordered, adjudged, and decreed that if, within sixty days from this date, the defendant shall execute and deliver to the heirs of Enos Lewis, or deposit in court for their use, a good and

sufficient conveyance of the property described in the contract of 4th November 1857 (*pro ut* same in bill of exceptions), and satisfy the said court that the title is good and clear of all encumbrances, then a credit of $3550 shall be allowed him upon the said judgment, and in the mean time no execution for that amount shall be executed against him.