# Commonwealth v. Nazarko, Appellant.

*Criminal law—Murder—Charge—Belief of jury—Evidence.*

1. On a murder trial it is not error for the court to refuse a point as follows: "If the jury believe that the defendant at the time of the killing did not know the consequences of his act and did not do it in pursuance of a previously formed purpose or design, then the law does not regard him guilty of murder of the first degree." Such a point should show that the belief must be based upon evidence. Otherwise the jury might feel at liberty to act upon a mere capricious belief.

*Criminal law—Murder—Intoxication as a defense.*

2. At common law intoxication was not a defense to a charge of murder, nor is it an absolute defense in this state. In Pennsylvania such a defense can be made for the purpose of affecting the degree of murder, but not to entirely absolve the perpetrator of the crime from responsibility to answer in some degree for his unlawful deed.

Argued March 8, 1909. Appeal, No. 50, Jan. T., 1909, by defendant, from judgment of O. & T. Luzerne Co., Sept. T., 1908, No. 441, on verdict of guilty of murder of the first degree in case of Commonwealth v. Stanley Nazarko. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before LYNCH, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* appear by the opinion of the Supreme Court.

*Martin J. Mulhall,* with him *John J. O'Donnell,* for appellant.

*Abram Salsburg,* district attorney, for appellee.

OPINION BY MR. JUSTICE ELKIN, March 22, 1909:

An examination of this record will show that appellant had a fair trial in the court below, and that the evidence was sufficient to sustain the verdict which found him guilty of murder of the first degree. The assignments of error are without merit under the facts established by proof at the trial, except, perhaps, the third assignment which will be briefly considered. The learned trial judge was requested in a point submitted to charge the jury as follows: "If the jury believe that the defendant at the time of the killing did not know the consequences of his act and did not do it in pursuance of a previously formed purpose or design, then the law does not regard him guilty of murder of the first degree." As an abstract proposition, this is a correct statement of the

law, but whether it is applicable in a particular case depends upon the nature of the defense set up and the testimony produced at the trial. The point as submitted requested the court to instruct the jury if they, "Believe that the defendant at the time of the killing did not know the consequences of his act," he would not be regarded in law as guilty of murder of the first degree. If this instruction had been given as requested it would have been misleading because a jury might form such a belief without any evidence on which to found it. Under such an instruction a jury might capriciously or otherwise without reference to the testimony, form a belief that no one who knew the consequences of his act would commit such a crime, and of course this would be error. The belief of a jury must be founded on the testimony, and the instructions of the court must likewise have reference to it. The point in question should have requested if the jury believe from the evidence that the defendant at the time of the killing by reason of intoxication, which was the only excuse attempted to be given in mitigation of his crime, did not know the consequences of his act, this would affect the degree of murder. The point was not so submitted and the learned trial judge committed no error in declining to affirm it. The defendant submitted nine points in writing, eight of which were either affirmed without qualification, or with such modification as the facts of the case required. The only point refused was the sixth, and it is apparent that the learned trial judge did not consider this point to be based on the evidence and thought it might mislead the jury. The defendant had all the benefit of his theory of intoxication he was entitled to in the general charge to the jury and in the answer to the points submitted. At common law intoxication was not a defense to a charge of murder, nor is it an absolute defense in our state. In Pennsylvania such a defense can be made for the purpose of affecting the degree of murder, but not to entirely absolve the perpetrator of the crime from responsibility to answer in some degree for his unlawful deed.

Assignments of error overruled, judgment affirmed and record remitted to the court below for the purpose of execution.