# Dinch v. Workman, Appellant.

*Bonds—Surety—Parol—Contemporaneous agreement—Defense.*

In an action by an obligee in a bond against the surety, the defense was set up that the latter had been induced to sign the bond because a parol contemporaneous agreement had been entered into whereby the obligee had agreed to transfer a judgment against the principal debtor and that such transfer had not been made. The plaintiff introduced evidence to the effect that during the negotiations the parties had arrived at an agreement upon the terms of the execution and delivery of the bond, and that the matter of the assignment of the judgment was an afterthought and not one of the considerations for the signing of the bond.

Under such circumstances, it was reversible error for the court to charge that, if the promise was a mere gratuity, made after the conditions had been agreed upon, it would not defeat a recovery. Under the statute of frauds the defendant could not be bound to

pay the debt of another until he had actually signed the bond, and any negotiations conducted prior to that time, were for the consideration of the jury in the way of a defense.

*Trial—Charge of court—Answers to points.*

Where a point, submitted, contains an abstract proposition of law upon an assumed fact, it is for the court to determine the legal truth of the conclusion from the assumed fact, and the point should be affirmed or refused without qualification.

A point which does not limit the jury to the consideration of the evidence is bad in form, and should be flatly refused without qualification.

Argued April 21, 1920.    Appeal, No. 23, April T., 1920, by defendant, from judgment of C. P. Beaver County, March T., 1918, No. 315, on verdict for plaintiff in the case of William F. Dinch v. W. F. Workman. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on bond. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $614.50 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court and answers to points as follows (1-5):

1. The learned court below was in error in not affirming without qualification the defendant's sixth point, which point, the answer thereto, is as follows:

"6. It would make no difference what object the Mc-Crorys had in view, in seeking to have the defendant become or give security for the money James McCrory owed W. F. Dinch. Their object or purpose would not be binding on the defendant. Answer. Affirmed, as a general proposition. But if the McCrorys desired and purposed to save their personal property in the hotel, and the defendant knew of that desire and purpose, and signed the bond in suit because he wished to help Mc-

Crorys save their personal property from being sold, and would have so signed it regardless of any agreement on the part of Dinch to assign his judgment to Workman, then the purposes of the McCrorys would be binding on the defendant, and the defense here interposed would not be successful."

5. The learned court below was in error in affirming the plaintiff's second point, which point, the answer of the court are as follows:

"2. If you believe that the defendant executed the bond in suit as a friendly accommodation to McCrory or because the defendant, Workman, was interested in the hotel in question, he would be liable, even if the debt were not his debt.

"Answer. Affirmed. But, I call your attention to the fact that there is no testimony in the case from which you would be warranted in finding that Mr. Workman was interested in the hotel business which was being carried on, or which had theretofore been carried on upon the premises; but there is some evidence to the effect that he had a lien on the hotel property."

*Richard S. Holt,* of *Holt, Holt & Richardson,* for appellant.—The learned court erred in not affirming or refusing the defendant's points without qualification: Lingle v. Scranton Railway Company, 214 Pa. 500; Citizens Passenger Company v. Ketcham, 122 Pa. 228.

A point which is not supported by the evidence must be refused: Commonwealth v. Nazarko, 224 Pa. 204; Maus v. Mahoning Township, 24 Pa. Superior Ct. 624.

*Lawrence M. Sebring,* for appellee.

OPINION BY PORTER, J., October 11, 1920:

The plaintiff brought this action against James McCrory and W. F. Workman, upon a bond in which the defendants were the obligors. Judgment was taken against McCrory for want of an affidavit of defense.

Workman filed an affidavit of defense, averring that the debt was that of McCrory, against whom the plaintiff had a judgment upon which an execution had been issued and a levy made on personal property of the value of thirty-four hundred dollars, the amount of the debt; that while the lien of the levy upon said property was existing, the bond upon which this action was brought was given, for the same debt, this appellant becoming surety for McCrory; that at the time said bond was signed and delivered the plaintiff, by his authorized agent, entered into a contemporaneous oral agreement with the appellant that he would assign to the appellant the judgment, against McCrory, and the lien and levy on the said goods for the purpose of indemnifying the affiant as surety on the said bond; that the appellant signed and delivered said bond upon the faith of said agreement, and would not have done so in the absence thereof; that plaintiff failed to comply with said oral agreement and permitted the said McCrory to remove the said goods so levied upon and dispose of them to his own use and thereby the said lien of the execution and levy upon the said goods was lost; the said McCrory is insolvent, and if the appellant is compelled to pay the said bond he cannot realize anything as against McCrory. The plaintiff filed a replication denying that he had made the oral agreement alleged in the affidavit of defense, and the trial of the issue, between the plaintiff and Workman, resulted in a verdict and judgment in favor of the plaintiff, from which Workman appeals.

The fact that a contemporaneous oral agreement, of some kind, was entered into by this appellant and the authorized agent of the plaintiff was not seriously questioned at the trial, although the parties were at variance as to the details thereof. It is not contended by the appellee that the evidence produced by appellant, in support of his allegation that there was a contemporaneous parol agreement was not such as to require the submission of the question to the jury. Much testimony was

introduced, some of which related to the actions and purposes of McCrory and his wife during the period that their personal property was subject to the levy by the sheriff. There was, however, no evidence whatever referring to the terms of the contemporaneous oral agreement, which was the real matter in controversy between the appellee and the appellant, which would have warranted a finding that McCrory was a party to that agreement or that, under the terms thereof, he was entitled to assert any right. It may have been argued that because McCrory had induced the appellant to become surety upon the bond, the purpose was to relieve the former from all the consequences of the levy of the execution upon his personal property, but there was nothing in the evidence to warrant a finding that the appellant had entered into any engagement to stay the execution or not sell the property levied upon. The appellant, by his sixth point, requested the court to charge that: "It would make no difference what object the McCrorys had in view, in seeking to have the defendant become or give security for the money James McCrory owed to W. F. Dinch. Their object or purpose would not be binding on the defendant." McCrory may have thought that he could secure greater indulgence from the appellant than from the appellee, but his hopes could have no bearing upon the rights of the other parties, under the oral agreement. The point ought to have been affirmed without qualification, and the first and second specifications of error are sustained.

The plaintiff, in his second point, requested the court to charge: "If you believe that the defendant executed the bond in suit, as a friendly accommodation to McCrory or because the defendant, Workman, was interested in the hotel in question, he would be liable, even if the debt were not his debt." The point was bad in form, as not limiting the jury to the consideration of the evidence. There was no doubt, under the evidence, that the debt was that of McCrory and that Workman's only lia-

bility was that of surety upon the bond. There was no evidence which warranted a finding that Workman had any interest in the hotel business. The point ought to have been flatly refused, without qualification, and the fifth and sixth specifications of error are sustained.

The evidence introduced by the plaintiff, the appellee, relating to the agreement to assign the judgment, was to the effect that, during the negotiations, the parties had arrived at an agreement upon the terms of the execution and delivery of the bond and mortgage, and that the matter of the assignment of the Dinch judgment to Workman came up as an afterthought. The court in its charge, after reciting this evidence, said: "In other words, the plaintiff contends that that was simply a gratuity, or thing which the plaintiff voluntarily agreed to do upon his part, but without any consideration moving." Continuing to discuss this evidence the court said: "Even if there was a promise on the part of Mr. Dinch......that the Dinch judgment would be assigned to Mr. Workman, yet if that promise was a mere gratuity, made after the agreement with respect to the bond and mortgage had been consummated between the parties, then it was not such a parol contemporaneous agreement as is contemplated by the law; and that would not defeat a recovery in this suit." In instructing the jury, as to this particular feature of the case, the learned judge of the court below entirely lost sight of the principle that, under the statute of frauds, this appellant could not be called upon to pay the debt of McCrory until after he had signed the bond obligating him to pay that debt. This appellant had the right, under the law, to shift his position as often as he saw fit during the oral negotiations, so long as he did not induce the plaintiff to enter upon any course of action which might prejudice the latter. Even if he had verbally agreed to sign the bond upon conditions stated, yet he had the right to insist upon any new terms he thought necessary for his protection, down until the

101, (1920).]          Opinion of the Court.

moment he put pen to paper.    The evidence introduced by the plaintiff, if believed, clearly established that this appellant was a surety for the debts of McCrory, and fixed the time when the agreement with regard to the assignment of the judgment was made as prior to the execution of the bond.    The eighth, ninth and tenth specifications of error are sustained.    While some of the other assignments of error, which relate to the charge, might, standing alone, be subject to criticism, they do not involve reversible error when considered in connection with the context.    All the other specifications of error are overruled.    None of the assignments of error here presented raise a question as to the measure of damages, in case the jury should find the contemporaneous parol contract to be as averred by the appellant, and we express no opinion as to whether the effect would be to totally invalidate the bond, or only to entitle the appellant to credit for the amount which he could have collected upon the judgment which was to have been assigned.

The judgment is reversed and a new venire awarded.