## McMullin, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Failure to protect passenger attacked by fellow passenger—Evidence—Carlisle tables—Harmless error.*

1. Under the evidence in this case the question whether a conductor had failed in his duty to guard a passenger attacked by another passenger, was left to the jury, and a judgment on a verdict for defendant was sustained.

2. The refusal in a negligence case to admit in evidence the Carlisle tables, is not ground for reversal, where the verdict was for the defendant.

Argued January 31, 1922. Appeal, No. 160, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1919, No. 4001, on verdict for defendant, in case of William McMullin v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HENRY, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned,* among others, were (1) refusal to admit in evidence Carlisle tables, but not quoting the bill of exceptions; (2) refusal to read seven points offered by plaintiff, quoting the points in one assignment; (3) that there should have been some verdict for plaintiff, and (4) refusal of new trial, but not quoting the record.

*James B. Given,* for appellant.

No printed brief for appellee.

PER CURIAM, February 20, 1922:

While a passenger on one of defendant's cars, plaintiff was struck and injured by another person occupying a like position; whether or not, under the attending circumstances, the conductor failed in his duty to guard plaintiff from such harm, was properly left to the jury, which found a verdict for defendant, and plaintiff has appealed from judgment entered thereon.

None of the assignments of error are correct in form; but, aside from this, there is no merit in any of them. The first assignment complains of the refusal to admit the Carlisle tables in evidence; in view of the verdict, this could have done no harm. The seven separate points set forth in the second assignment were all sufficiently covered in the general charge.  The remaining assignments call for no further comment; they are all dismissed.

The judgment is affirmed.