## Simner *v.* McHugh, Appellant.

*Trespass—Landlord and tenant—Eviction—Damages to personal property.*

In an action of trespass by a tenant to recover for damages to personal property resulting from eviction, the case was for the jury and a verdict for the plaintiff will be sustained where it appeared that the lease was oral and the parties differed as to the extent of the damages and the time the lease expired.

*Trials—Points for charge—Confining to evidence—New trials—Assignments of error.*

A point which is not confined to the evidence in the case is bad and should be refused.

An assignment of error to the refusal to grant a new trial will not be sustained where no abuse of discretion appears.

Argued October 30, 1925. Appeal No. 238, October T., 1925, by defendant from judgment of the Municipal Court, Philadelphia, December T., 1923, No. 1237, on verdict for plaintiff in the case of Sarah Simner v. J. Joseph McHugh. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages to personal property. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the sum of $650 and judgment thereon. Defendant appealed.

*Error assigned,* was among others, refusal of defendant's motion for a new trial.

*Charles J. Shull,* for appellant.

*Henry Arronson,* and with him *Gabriel D. Weiss,* for appellee.

OPINION BY LINN, J., December 14, 1925:

Suit by tenant against her landlord for damages to her personal property resulting from eviction. The lease was oral and the evidence shows that parties differed as to whether it expired May 31 or September 1, 1923. The defendant, asserting expiration on May 31, ejected plaintiff and sent her goods to a warehouse. Alleging that she never got all of them and that some of them were damaged, she brought this suit. The parties also differed as to the extent of the damage, if any. It was the duty of the jury to find what the contract was and the damage, if any, and the verdict for the tenant indicates that her view was accepted.

There are two assignments of error. The first is to the refusal of a point of charge, and need not be discussed, because the point was obviously bad, not being confined to the evidence in the case: Dinch v. Workman, 75 Pa. Superior Ct. 101, 105. The other assignment is to the refusal to grant a new trial; no abuse of discretion is suggested; in support of that assignment it is said that the articles alleged to have been lost or damaged were not sufficiently identified and that there was not sufficient evidence of their value. The assignment is without merit.

Judgment affirmed.