# Pringle et al. *v.* Smith, Appellant.

*Vendor and vendee—Suit for balance of purchase-money—Defenses—Delay—Unpaid taxes.*

1. In an action to recover balance of purchase-money due on a sale of real estate, plaintiffs delay cannot be set up as a defense where it appears that the agreement of sale contained no express stipulation as to the time of performance, that defendant took possession when the agreement was signed, and that much of the delay was caused by defendant's own default.

2. Alleged false representations as to the existence of a public alley at the rear of the land cannot successfully be alleged as a defense, where no reference to the alley appeared in the agreement, and the oral evidence as to the existence of the alley is conflicting.

3. In such case a small amount of unpaid taxes is no ground for the rescission of a contract; if plaintiffs are liable for them, they can be set up as a defense pro tanto.

*Practice, C. P. — Trial — Remarks of counsel — Withdrawal of juror—Discretion of court.*

4. Refusal to withdraw a juror because of alleged improper remarks of counsel, is largely a matter within the discretion of the trial judge.

*Practice, C. P.—Trial—Points—Charge.*

5. Points for charge which require the jury to find for defendant if they believe certain things, must state that the belief must be based on the evidence.

6. Failure to affirm a point is not error, where the court has instructed the jury on the subject in the general charge.

*Appeals—Assignments of error—Refusal to grant compulsory nonsuit.*

7. A refusal to grant a compulsory nonsuit cannot be assigned as error.

Argued March 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 59, March T., 1927, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1924, No. 219, on verdict for plaintiffs, in case of Della Pringle et al. v. Howard Smith. Affirmed.

Assumpsit for balance of purchase-money due on sale of real estate. Before REED, P. J. O. C., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $2,500. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Ray Patton Smith,* for appellant.—The vendee was not obliged to accept the deed when tendered.

There were unpaid taxes against the property: Keen v. Eaby, 254 Pa. 273; Taylor v. Allen, 60 Pa. Superior Ct. 503; Ritter v. Hill, 282 Pa. 115.

An unreasonable length of time had elapsed from the date of the contract, namely, October 22, 1923, to the date of the tender of the deed, namely November 19, 1925,—less seven months.

The remarks of counsel for plaintiffs were prejudicial to defendant: Mittleman v. Bartikowski, 283 Pa. 485; Wagner v. Twp., 215 Pa. 219.

*Henry W. Storey, Jr.,* with him *Alvin Sherbine,* for appellees.—Unpaid taxes were not sufficient to permit appellant to rescind the contract.

Length of time between date of contract and tender of deed was not unreasonable, considering all things; and appellees were not responsible for delay: Zeller v. Haupt, 41 Pa. Superior Ct. 647; Lamb & Co. v. Adams, 18 Pa. Dist. R. 110; Morgan v. Scott, 26 Pa. 51; Keily v. Saunders, 236 Pa. 593.

A judgment will not be reversed by reason of alleged improper remarks of counsel to the jury, where the remarks are not an unfair inference to be drawn from the whole evidence: Phœnix Brewing Co. v. Weiss, 23 Pa. Superior Ct. 519; Com. v. Miller, 139 Pa. 77; Stephens v. Sulkin, 280 Pa. 211.

When points are submitted asking for definite instructions, they should be framed so as to make the law applicable to the particular facts of the case being tried: Cobb v. Twp., 232 Pa. 198.

OPINION BY MR. JUSTICE WALLING, April 11, 1927:

In October, 1923, plaintiffs made a written agreement with defendant to sell him a piece of real estate in Summerhill Borough, Cambria County, to which they had derived title by inheritance from Elizabeth Myers, who died the preceding June. The consideration was $3,000, of which $500 was paid in cash and the balance, for which this suit was brought, was payable on delivery of a proper deed. The agreement was subject to the approval of the orphans' court, so far as related to the interest of any minor therein. It was necessary to sell this land for the payment of debts of Mrs. Myers' estate; for which purpose the orphans' court on March 3, 1924, after due notice, ordered the administrator, who was also one of the heirs, to consummate the sale and make deed to the defendant as provided in the agreement; it being a private sale of real estate for payment of debts. In May, 1924, a duly executed deed, tendered the defendant, was refused, and, in June following, this action of assumpsit was brought for the balance of the purchase-money, being in the nature of a bill for specific performance: Keily v. Saunders, 236 Pa. 593. Plaintiffs' statement was filed on the day the writ issued, but, at defendant's request, an extension of time was granted him, and the affidavit of defense was not filed for approximately seven months. The case came on for trial in March, 1925, and resulted in a verdict for plaintiff. Defendant moved for a new trial and for judgment n. o. v. The former was granted and the refusal of the latter formed the basis of an appeal by defendant to this court, where the action of the trial court was affirmed. See Pringle et al. v. Smith, 286 Pa. 152. The reason for the new trial was plaintiffs' failure to have a guardian appointed

to represent a minor granddaughter of Mrs. Myers. This omission was remedied by the appointment of a guardian ad litem, who joined in a new deed tendered defendant in October, 1925, which was also refused. The case again came to trial in the following November and resulted in a verdict for plaintiffs for the full amount of unpaid purchase-money and interest from the tender of the last deed. Judgment having been entered thereon, defendant brought this appeal.

None of the assignments of error can be sustained. The complaint of delay is without merit; much of it was caused by defendant's own default. See Morgan v. Scott, 26 Pa. 51; Townsend v. Lewis's Administratrix, 35 Pa. 125. In the instant case the agreement contained no express stipulation as to time of performance and defendant took possession when it was executed.

Negotiations for the sale were conducted on behalf of plaintiffs by the administrator of the Myers estate, who was also an heir, and defendant contends he made false statements to the effect that there was a public alley at the rear of the lot in question, but no reference thereto appears in the written agreement, and the oral evidence on that question was conflicting. The trial judge instructed the jury, that if they found such false statements were made and relied upon by defendant, to render a verdict in his favor. Hence, the verdict for plaintiffs, approved by the trial court, is conclusive of that question and the competency or sufficiency of the oral evidence to change the written agreement need not be considered.

Complaint is made that the taxes for 1925 were unpaid; they were, however, trifling in amount as compared to the unpaid consideration, and, if plaintiffs were liable therefor, might have afforded a defense pro tanto in this suit, but did not warrant a rescission of the contract: Irvin v. Bleakley, 67 Pa. 24; and see Hannan v. Carroll, 277 Pa. 32.

The first assignment of error combines the questions raised in the others and was probably intended merely to direct our attention to the questions in the case, and not for separate consideration, it being a familiar rule that each error must be separately assigned: Supreme Court Rule 22; see also Seifred v. Penna. R. R. Co., 206 Pa. 399, and other cases. The second assignment refers to the trial court's refusal to grant a compulsory nonsuit, to which error cannot be assigned.

The third and fourth assignments complain of the refusal to withdraw a juror and continue the case because of the alleged improper remarks of counsel. This is largely a matter for the trial court's discretion (Stephens v. Sulkin, 280 Pa. 211; Wilhelm v. Uttenweiler, 271 Pa. 451; Com. v. Miller, 139 Pa. 77, 95; see also Cook v. Erie Electric Motor Co., 225 Pa. 90), and an examination of the record discloses no abuse thereof in the instant case. Some of the language complained of might well have been omitted; it consisted mainly of counsel's reference to certain opposing testimony as an invention or a cock and bull story and was not such as to necessitate the withdrawal of a juror, especially when the trial court told the jury to disregard it.

The fifth and sixth assignments complain of the trial court's failure to affirm requests asking the jury to find for the defendant if they believed certain things, without saying such belief must be based on the evidence. For which reason, if for no other, the requests, while reserved, should have been refused: Com. v. Nazarko, 224 Pa. 204; Snyder v. Hbg. Ry. Co., 88 Pa. Superior Ct. 20; Dinch v. Workman, 75 Pa. Superior Ct. 101. The seventh assignment is to the failure to affirm a request that if the jury found for the defendant he should recover the $500 hand money. As the judge had so instructed the jury in the general charge such failure was not error: Warruna v. Dick, 261 Pa. 602; Miller v. Smith Woolen Mach. Co., 220 Pa. 181; Davis v. Continental Ins. Co., 60 Pa. Superior Ct. 341. Moreover, as

the jury found for the plaintiffs for the unpaid pur-
chase-money, the defendant's counterclaim, based on his
right to rescind the contract, dropped out of the case.
See McMullin v. Phila. R. Transit Co., 273 Pa. 159.

The eighth and ninth (last) assignments refer to the
refusal of the defendant's request for binding instruc-
tions and the entry of final judgment for plaintiffs. For
reasons above stated there was no warrant for a directed
verdict for the defendant or error in sustaining that
found for plaintiffs.

The judgment is affirmed.