## Boehm *v.* Heston, Appellant.

90

Argued November 25, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Orrin E. Boyle,* with him *A. Albert Gross,* for appellant.

*Everett Kent,* for appellee.

Opinion by Mr. Justice Schaffer, January 11, 1937:

It is urged upon us by appellant, against whom a verdict was recovered in the court below, that judgment should be entered in his favor notwithstanding the verdict, or, if this shall not be done, that a new trial should be awarded. We are unable to assent to either of these determinations.

The action grows out of the collision of two trucks, one driven by plaintiff and the other by defendant's employee. The collision occurred at the intersection of two roads. It was practically a T intersection. (The angle of approach was not exactly a right angle.) The horizontal line of the letter represents the road leading from Freemansburg to Butztown, on which plaintiff was traveling from left to right on his way to Butztown. The vertical stroke of the letter represents the road leading from Easton into, but not crossing, the Freemansburg-Butztown road. Defendant's truck was proceeding along the Easton Road toward the Freemansburg-Butztown road, the driver intending to turn to the left into the latter at the intersection on his way to Freemansburg. As plaintiff approached the intersection, his view along the Easton road was obstructed by a high bank. This prevented him from seeing defendant's truck until he was in the intersection. The bank likewise interfered with the other driver's sight of plaintiff until he had entered the intersection. The Freemansburg-Butztown road was practically level, the Easton road until it came to the intersection was on a somewhat steep hill.

The collision took place on a wet morning. Plaintiff slowed his truck to a speed of 8 or 10 miles an hour as he drew near to the intersection. Defendant's driver approached it, down the hill, at a speed of 40 to 45 miles an hour, so one of plaintiff's witnesses testified, who was at the intersection. He also said that defendant's truck as it descended the hill, and when making the turn into the Freemansburg road, was not on its side of the highway, but was over to the left of the white line marking

the center of the Easton road. When plaintiff entered the intersection, he saw defendant's truck 10 feet away, he threw on his brakes, the wheels of his truck locked and it skidded on the wet road. It was struck by defendant's truck at the front left side and plaintiff received serious injuries. There was testimony in plaintiff's behalf that there was a stop sign on the right side of the Easton road near the intersection calling upon the operators of vehicles to halt before entering it. Defendant's driver admitted that he did not stop before entering the intersection and did not blow his horn as he approached it. Both sides concede that the intersection is a dangerous one. Both drivers were entirely familiar with it. This being the situation, it behooved each to approach and enter the intersection carefully.

We have outlined the facts as they appear from the testimony in plaintiff's favor, as we are bound to do in passing upon the motion for judgment non obstante veredicto: *McIntyre v. The Equitable Life Assurance Society,* 324 Pa. 417. The facts as shown by plaintiff and his witnesses were in many respects contradicted by defendant and those whom he called.

It is argued that as defendant's truck approached from plaintiff's right, it has the right of way at the intersection. We think this cannot be said to be so in view of the stop sign, which defendant's driver did not heed, the speed at which his truck entered the intersection and the fact that when so doing it was over the white line in the road. On the facts as we have outlined them, the case was for the jury on the question of defendant's negligence and the contributory negligence of plaintiff. It could not have been disposed of as a matter of law.

The trial judge was asked by defendant to charge the jury that if they found the wheels of plaintiff's truck locked, they would be justified in finding that he was negligent in operating his truck with defective wheels. There was no evidence that the wheels were defective beyond the circumstance that they locked when plaintiff

threw on the brakes. No conclusion is warranted that wheels are defective merely because they lock when brakes are vigorously applied. The judge might well have refused the point. Instead of doing so, however, he answered by stating that there was no evidence that the plaintiff knew the brakes were defective. We see no error in this.

It is complained that the trial judge refused a point, submitted by defendant, which requested him to charge that if the jury found his truck had the right of way in crossing the intersection and plaintiff did not stop his truck, they must find plaintiff guilty of contributory negligence. This point too much circumscribed the issue when all the facts are taken into account.

The able and experienced judge who tried the case properly disposed of it.

Judgment affirmed.