Higgins et ux. *v.* Jones, Appellant.

Argued December 7, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Michael Kivko,* with him *Knight & Kivko,* for appellant.

*Richard Henry Klein,* for appellees.

OPINION BY MR. JUSTICE BARNES, February 1, 1940:

Plaintiffs, husband and wife, seek to recover for injuries sustained in a "right-angle" automobile collision. The accident occurred about eleven o'clock on the morning of May 28, 1938, in the Borough of Liverpool, Perry County. The day was clear. Plaintiffs' car, operated by the husband, in which his wife and two guests were passengers, was proceeding south on Route 11, a through highway known as the Susquehanna Trail. Defendant, driving east on Route 17, approached the point where the two highways meet and form a "T" intersection. On Route 17 there are the usual signs which give warning of the proximity of the main highway, and at the corner a "stop" sign is posted.

Defendant testified that he stopped at the junction of the highways and looked for the approach of southbound traffic on Route 11, preparatory to making a left turn and proceeding north on that highway. His view in that direction was partially obstructed by a house on the northwest corner of the intersection and by a row of trees adjoining the property. He started forward in low gear. As his front wheels reached the edge of Route 11, he saw plaintiffs' car for the first time, about one hundred feet distant, traveling toward him at a high rate of speed. He continued to move forward obliquely into the traffic-lane in which plaintiffs were driving, with the result that the two cars collided, the front of his car being struck on the left side.

According to plaintiffs' version of the accident, defendant suddenly drove out of Route 17 directly into

their path, as they reached the house at the intersection of the two routes. It was testified that he "came out past the stop sign" at a speed of fifteen miles an hour. A few minutes after the collision defendant told the husband-plaintiff that as he entered Route 11 he was "looking at the lake"—apparently referring to the Susquehanna River. Defendant also admitted to a highway patrolman that "he had been admiring the beautiful lake in front of him" and was struck "before he knew what happened." There was testimony that from the intersection defendant had a view to the north along Route 11 for a distance variously estimated to be from one hundred and fifty to one thousand feet.

The jury returned a verdict for the wife-plaintiff of $4,100 and for the husband-plaintiff in the amount of $1,000. Defendant's motions for a new trial and judgment non obstante veredicto were refused and separate judgments were entered on the verdict. In these appeals, defendant has assigned as error the refusal by the court of his two motions, the rejection of one of his points for charge, and the denial of his request that the jury be permitted to view the scene of the accident.

An examination of the record discloses that the evidence required submission of the case to the jury. A motorist entering a through highway or stop intersection must exercise the utmost caution to avoid a collision with traffic moving thereon, which has the right of way.* See *Dougherty v. Merchants Baking Co.*, 313 Pa. 557; *Bowers v. Gaglione*, 322 Pa. 329; *Goddard v. Armour & Co.*, 136 Pa. Superior Ct. 158. And, where his view of approaching traffic is obstructed, the need for caution is increased rather than diminished. See *Boehm v. Heston*, 325 Pa. 89. Plaintiffs' evidence, to which we must give the benefit of every favorable inference, shows that the accident could have been prevented

---

* See The Vehicle Code, Section 1014(c); Act of June 22, 1931, P. L. 751, 797.

had defendant entered upon the intersection in such a manner as would have permitted him to make an instant stop. Defendant's own testimony reveals that he could have averted the collision by stopping as soon as he saw plaintiffs' automobile. Instead, he proceeded into the path of danger without exercising the care which the circumstances so manifestly demanded. In *Boehm v. Heston*, supra, the facts of which are similar to those here presented, we held that the question of defendant's negligence must be submitted to the jury.

Defendant's second point for charge, which was refused by the court, purported to summarize the facts of the case, but it assumed the existence of evidence not appearing in the record and contrary to defendant's own testimony. As the affirmance of this point would have tended to confuse the jury, it was properly rejected: *Com. v. Nazarko*, 224 Pa. 204; *Edwards v. Meyers*, 227 Pa. 584; *Boehm v. Heston*, supra.

Nor was there error in the refusal of the court to grant defendant's request that the jury be permitted to view the scene of the collision. Such inspections may be desirable in certain cases to enable the jurors better to understand the evidence or to resolve conflicts of testimony (*Flower v. Railroad Co.*, 132 Pa. 524; and see *Harton's Est.*, 331 Pa. 507) but the matter is one entirely within the discretion of the trial judge: *Mintzer v. Hogg*, 192 Pa. 137; *Frasso v. City of Reading*, 244 Pa. 525; *Lacy v. Hardy*, 104 Pa. Superior Ct. 490; *Diehm v. New Holland Boro.*, 126 Pa. Superior Ct. 315. Here, the testimony on both sides, the photographic exhibits and the blueprint of the intersection, afforded the jury a comprehensive picture of the place where the accident occurred. It was, therefore, not an abuse of discretion for the trial judge to refuse to send the jurors a distance of thirty-five miles (as stated in the briefs) from the courtroom to examine the scene of the collision. See *Smith v. Penn Federal Corp.*, 315 Pa. 20.

The judgments are affirmed.