Florence ATTAL, Administratrix of the Estate of Andrew I. Joseph, Deceased, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 61–326.

United States District Court
W. D. Pennsylvania.

Jan. 7, 1963.

Mercer & Buckley, Pittsburgh, Pa., for plaintiff.

Hubert I. Teitelbaum, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This civil jury proceeding, based on diversity of citizenship, arises under the Wrongful Death Statute and Survival Statute of the Commonwealth of Penn-

sylvania. A verdict was returned in favor of the plaintiff under the Wrongful Death Statute for pecuniary loss to the widow and two minor children in the amount of $50,000.00 and under the Survival Statute for the funeral bill and loss to the estate of the decedent in the amount of $17,300.00.

The immediate matters before the Court relate to a motion for judgment n. o. v. and, in the alternative, motion for a new trial.

This accident occurred on a cloudy or misty day. A light rain was falling when the deceased operated his motor vehicle westwardly over the crossing of the defendant railroad. The motor vehicle was struck by a train of the defendant on the third most westerly track.

Substantial dispute existed between the parties as to the speed of the train and the manner in which the deceased operated his vehicle. Questions also existed as to whether the view of the approaching train was limited due to the construction of a fence and the presence of a railroad car which was alleged to have been parked near the crossing, as well as to the manner and method of operation of the vehicle and the train.

■ The law is settled that the credibility of witnesses and the resolution of conflicts in their testimony is for the jury and that it would be an invasion of the jury's function for the Court to reweigh the evidence and set aside the jury's verdict merely because the Court might draw inferences contrary to those reached by the jury and regard a different conclusion as a more reasonable one. Thomas v. Conemaugh & Black Lick R.R., 234 F.2d 429 (3rd Cir., 1956).

## MOTION FOR JUDGMENT N.O.V.

■ Viewing the evidence and the inferences deducible therefrom in a light most favorable to the plaintiff, I am satisfied that ample evidence exists in the record to support the conclusion of the jury that the defendant was guilty of negligence which was a proximate cause of the accident and that the dece-

dent was not guilty of contributory negligence.

## MOTION FOR NEW TRIAL

No objection was taken to the Court's charge. A contention in the motion for new trial that the verdict was excessive and was given under the influence of passion and prejudice was withdrawn by counsel for the defendant at oral argument on the motion.

The motion was premised generally on the thesis that the verdict was contrary to the evidence and the law, and that the Court erred in admitting the testimony of a witness who was permitted to express an opinion as to the speed of defendant's train immediately before and at the time of the accident.

■ It is incumbent upon the Court, after examination and meticulous review of the record, to refrain from interfering with a verdict unless it is quite clear that the jury has reached a seriously erroneous result. Lind v. Schenley Industries, Inc., 278 F.2d 79 (3rd Cir., 1960). Substantial evidence exists in the record to support the verdict of the jury. The verdict is not against the weight of the evidence nor contrary to the law or the evidence.

■ I believe that a sound basis existed for the opinion of the lay witness as to the speed of the train immediately before and at the time of the accident. The witness testified that a vibration of his house called his attention to the presence of the train, that he then went to the living room in the front of the house, looked out of the living room window, observed the train, turned and continued to observe it going up the track, and even knelt on the couch so as to get a better view of the train as it approached the crossing 1,080 feet from the house and went a little bit beyond. Thus, the witness was in a visual position to make an estimate of the speed of the train, and his credibility was a matter for the jury's determination. As a motor vehicle driver for thirty years, a town councilman, a deputy constable, a part-time policeman in the borough, and.

a member of the fire department, the witness was qualified to estimate the speed of the train by comparison with the speed of other motor vehicles with which he is familiar from every-day experience and knowledge.

The motion for new trial is denied.

An appropriate order is entered.