Wendy **COLEMAN**, a minor, by Arthur Tunick, her guardian, et al.

v.

**QUAKER STATE COCA–COLA BOT-TLING CO.**

and

**Swain School, Inc.**

and

**L. A. Solt, Individually and d/b/a Solt's Chevrolet Company.**

No. 42759.

United States District Court, E. D. Pennsylvania.

June 21, 1971.

James E. Beasley, Philadelphia, Pa., for plaintiff.

Duane, Morris & Heckscher, James J. McCabe, Philadelphia, Pa., for Quaker State Coca-Cola Bottling Co.

William J. McKinley, Jr., Philadelphia, Pa., for Swain School & L. A. Solt.

## OPINION

KRAFT, District Judge.

Upon trial of this personal injury action the jury returned a verdict in favor of the guardian of the minor plaintiff for $32,650 and in favor of the minor's parents for $8,324. By its verdicts the jury found the defendant, Quaker State Coca-Cola Bottling Co., (Quaker State) solely liable and absolved the defendants Swain School, Inc. (Swain), and L. A. Solt, individually and d/b/a Solt's Chevrolet Co. (Solt) of any liability.

Judgment was entered upon the verdicts and plaintiffs filed motions for a new trial and for judgment notwithstanding the verdict as to defendants, Swain and Solt. Quaker State has also filed a motion, under Fed.R.Civ.P. 59(a), against defendants Swain and Solt for a new trial, limited to the issue of liability.

Since plaintiffs and Quaker State both seek to set aside the jury's finding of no liability on the part of Swain and Solt, we will consider, jointly, their motions for new trial on that aspect of the case.

This unfortunate accident occurred on October 11, 1966. The minor plaintiff, Wendy Coleman, then four years old, was a passenger in the Swain School bus, which was involved in a collision with a truck owned and operated by Quaker State, in a right angle intersection. The Swain School bus was owned by defendant Solt and leased to the Swain School. The bus was being operated by Mr. Karl Edelman, who died before trial.[1] His testimony was never taken by deposition for trial.

The collision took place at the intersection of Drury Lane and Catasaqua Road, about 8:05 A.M., in the outskirts of Bethlehem, Pennsylvania. The intersection was controlled by "Stop" signs for traffic traveling eastwardly or westwardly on Catasaqua Road. The Quaker State truck, fully loaded, was moving in an eastwardly direction on Catasaqua Road at about 30 to 35 miles per hour immediately before entering the intersection. The driver of the Quaker State truck failed to observe the stop sign, failed to observe a school crossing guard waving him to stop and failed not only to stop but even to reduce his speed upon entering the in-

---

1. His death was due to causes unrelated to the accident.

tersection. The bus was struck on the left side with such force that it rolled over three times, coming finally to rest near the northeast corner of the intersection. Wendy, seated behind the driver, was injured. The bus, which was traveling northwardly on Drury Lane, was first observed by Quaker State's driver only a split second before the impact. The posted speed limits were 25 miles per hour for Catasaqua Road and 15 miles per hour for Drury Lane. There was no testimony as to the speed of the bus, other than the opinion of Quaker State's driver to the effect that the bus was being operated at a speed greater than his truck.

 In light of the complete, utter disregard of the most elementary standards of due care by Quaker State's driver, we cannot say, as a matter of law, that the jury's verdict, finding the negligence of Quaker State's driver to be the sole proximate cause of the collision, was not supported by sufficient evidence. Boehm v. Heston, 325 Pa. 89, 189 A. 298 (1937).

 Upon consideration of plaintiff's motion for judgment notwithstanding the verdict, after careful review of all the evidence in the light most favorable to Swain and Solt, for whom verdicts were rendered, we cannot say that the verdict was clearly erroneous. Attal v. Pennsylvania R.R. Co., 212 F.Supp. 306 (W.D.Pa.1963); aff'd 323 F.2d 363 (3 Cir.).

 Even though the bus driver *may* have violated the motor vehicle code[2] in operating his bus beyond the posted speed limit, that fact, if established, would not, per se, render defendants, Swain and Solt, liable. It still remained for the jury to determine whether such violation of the statute was a *proximate cause* of the accident. Atene v. Lawrence, 428 Pa. 424, 239 A.2d 346 (1968).

Accordingly, plaintiffs' motion for judgment notwithstanding the verdict must be denied.

 Turning our attention now to the plaintiffs' motion for a new trial based upon the claimed inadequacy of the verdict, we cannot fairly say that our judicial conscience was shocked by the verdict or that the amount was so grossly inadequate as to result in a miscarriage of justice. Mainelli v. Haberstroh, 237 F.Supp. 190 (M.D.Pa.1964); aff'd per curiam 344 F.2d 965 (3 Cir. 1965); Peterson v. Calmar Steamship Corp., 296 F.Supp. 8 (E.D.Pa.1969).

Upon full review of the evidence, we conclude that, although the minor plaintiff suffered severe and painful injuries which included a fracture of the left femur and multiple facial lacerations, she was not unjustly compensated by the jury.[3]

In reaching its decision the jury had the full benefit of color photos of the child taken after the accident, which very graphically portrayed the extent of her disfigurement before cosmetic surgery. The jurors also observed the child during the trial on two occasions and saw the post-operative results, which were described by her cosmetic surgeon as satisfactory. The child's fracture has healed well. Her orthopedic surgeon stated that prognosis was excellent and that the slight disparity in leg lengths was not significant.

 In sum, while the Court is of the opinion that the minor's verdict might have been higher, without shock to the conscience of the trial judge, we cannot, for that reason, substitute our judgment for the jury's and interfere with its verdict. Peterson v. Calmar Steamship Corp., supra at p. 11.

 Plaintiffs also complain that counsel for Swain and Solt, in his closing argument to the jury, unfairly commented on plaintiffs' closing remarks.[4]

2. 75 P.S. § 1002(a).

3. The parents incurred itemized special damages in the amount of $4,224.05 for which the jury awarded $8,324.05 which we deem to be reasonable.

4. "Now, so far as the injuries sustained by this young girl were concerned, you have heard them eulogized and amplified through a long discourse here by Mr. Beasley * * *." (n. t. 313).

No timely objection thereto was made by plaintiffs' counsel at trial, and we conclude, as well, that the comments in context were not prejudicial and were within the range of proper advocacy. Nowell v. Dick, 413 F.2d 1204 (5 Cir. 1969).

In reviewing the remaining grounds advanced by counsel, we have carefully examined our entire charge and find, that considered as a whole, it was fair and complete and contained no fundamental error. We find no merit in these grounds and conclude that they require no further discussion.